## W. S. McMichael v. H. M. Truehart.

1. CONTINUANCE—PRACTICE.—Continuances are counted as first, second, or subsequent applications, from the filing of the suit,—not from the reversal of a case on appeal or error.

2. SAME.—See application held insufficient on second application for continuance.

3. SAME.—Where, in an application for second continuance, it appears that there is other testimony than that sought, the application should show on its face facts from which the court could determine whether the desired testimony was essential to the case of the party making such application.

4. PRACTICE—CONFLICTING RECORD.—Where the record shows, in the bill of exceptions, that certain testimony was excluded, and in the statement of facts, that the same testimony was admitted, the appellate court will not determine which is correct, and cannot say that the court below was in error in excluding the testimony, as shown in the bill of exceptions.

APPEAL from Hopkins. Tried below before the Hon. G. J. Clark.

H. M. Truehart brought an action of trespass to try title, August 23, 1872, for 687 acres of land, against W. S. McMichael.

The defendant pleaded not guilty, and the statute of limitations of ten years as to 640 acres of the tract sued for.

September 7, 1876, judgment for the defendant was rendered, which on appeal was reversed, prior to which judgment defendant had had one continuance.

March 13, 1877, the case being again called for trial, defendant proposing to make application for a continuance, the court ruled that such application was, in contemplation of law, a second application.

The defendant then made application, as follows:

"H. M. Truehart

v.

W. S. McMichael.

"And now comes defendant, and moves the court for a continuance of this cause, and says he cannot go safely to trial at this term of the court, for the want of testimony material to aid him in the trial of the cause, to wit, the testimony of Mrs. Ragsdale, the widow of Ellis Ragsdale, and the testimony of Wm. Irans, a citizen of this county.   The said Mrs. Ragsdale is a resident of Erath county, Texas; he did not know that he would need the evidence of the said Mrs. Ragsdale until this morning.   Affiant caused a subpœna to be issued for the said Wm. Irans, on the 10th day of February, 1877; the same has not been served; the witness, a resident of this county, is a material witness for this defendant on the trial of this cause.   And also S. G. Coyle, a resident of this county, and a material witness for defendant, was regularly subpœnaed on the 1st of March, 1877, the said subpœna being issued on the 10th of February, 1877; same subpœna being returned, as to Wm. Irans, not found, on the 1st day of March, 1877.   These are all material for defendant.   He expects to have the testimony of each of the said witnesses by the next term of this court.   This application is not made for delay, but that justice may be done.   Affiant expects to prove, by the witnesses, that Thomas Carroll settled on the land in controversy in the fall of 1852, and that Thomas Carroll sold the improvements

and possession of the said land to Ellis Ragsdale for a valuable consideration, and placed said Ragsdale in peaceable possession of the said land and improvements; and that the said Ellis Ragsdale, after occupying said lands for some time, sold the improvements and possession for a valuable consideration to I. W. Irans, and placed him in possession of the same; and that the said witnesses are not absent by the procurement of affiant. He says he knows of no source from which he can procure the said evidence, except what he has already procured, and which has been used on a former trial of this cause, and what is on file in this cause."

The application was overruled, and the defendant forced to trial.

The additional facts, so far as necessary, are given in the opinion.

Judgment was rendered for plaintiff, and McMichael appealed.

*C. Payne*, for appellant, cited Hipp *v.* Bissell, 3 Tex., 18; Payne *v.* Cox, 13 Tex., 480; Stover *v.* Garvin, 22 Tex., 9; Word *v.* Drouthett, 44 Tex., 369; Cochrane *v.* Farris, 18 Tex., 855; Cunningham *v.* Patton, 6 Barr., 355.

*S. J. Hunter*, for appellee.

Moore, Associate Justice.—In determining whether an application for a continuance is the first, second, or a subsequent application, the court must look to the entire record, and not merely to the action had in the case after it is remanded by this court for a new trial. Unquestionably, it may often require as much, or even more time to prepare for the new trial, than it did for the trial in the first instance. But this is likewise the case when a new trial is allowed by the District Court, or becomes necessary by the withdrawal of a juror, or from the action of the court on a motion in arrest of judgment. Where this is made to appear, due consideration can, and should, be given it by the court, in deter-

mining the sufficiency of the application upon which it is called to act. To say, however, that an application for continuance, because no other had been made since a new trial of the cause had been granted by the District or Supreme Court, was the first application, when the case had, in fact, been previously continued by the party making the application, would require the court to interpolate into the statute a provision giving it an import altogether different from that expressed by its plain language, which, in our opinion, is not within its power to make; or, if it was, would not be called for, either by public policy, or the due administration of the law.

Appellant has no good cause to complain of the action of the court in overruling his application for a continuance. It is not pretended that any diligence whatever had been used to procure the testimony of Mrs. Ragsdale; nor are the facts to excuse the want of such diligence, if there were any, stated, so that the court could pass upon their sufficiency. A subpœna for the other witness was issued only a few days before the convening of the court. The distance at which the witness resided from the court-house is not stated. The affidavit for continuance does not show that proper diligence had been used to procure his testimony. (Conner v. Sampson, 22 Tex., 21.) The fact that a subpœna issued on the same day had been served upon another witness, tends in no way to prove that due diligence had been used to procure the attendance of the absent witness. The one may have resided in a remote part of the county, while the other may have been within a stone's-throw of the court-house. It also appears, from the affidavit, that appellant had other evidence of the facts, or certainly of a part of them, which he desired to prove by the absent witnesses. He should have stated in his affidavit such facts as would have enabled the court to determine whether the additional testimony was essential for his defense.

It is altogether unnecessary for us to discuss the rulings of

the court sustaining appellee's objections to testimony, as shown by the several bills of exception in the record; for though the action of the court in respect thereto may have been ever so erroneous, it certainly worked no injury to appellant. The statement of facts shows, beyond all question, that the very testimony which it is said in the bill of exception was excluded, or testimony of like import by the same witnesses, went in evidence to the jury. If the court erred in excluding the testimony, this error was cured by its subsequent admission. We cannot say that the testimony did not go to the jury, without impeaching the verity of the statement of facts agreed to by appellant, and approved and certified to by the judge. If it is insisted that the bills of exception are entitled to equal credit with the statement of facts, and that they show that the objections to the testimony were sustained, but if the record contradicts itself, and we are unable to determine to which portion of it credence should be given, we cannot say whether the court below erred or not. And unless we could do this, appellant has no right to a reversal of the judgment.

No objection is made by appellant to the charge of the court; and certainly none could be made by him. It unquestionably is as favorable to him,—if, indeed, it is not much more favorable than is warranted by the former decisions of this court. The evidence, in our opinion, sustains the verdict.

There is no error in the judgment, and it is therefore affirmed.

AFFIRMED.