DENISON & PACIFIC SUBURBAN RAILWAY COMPANY V.
CHARLES J. O'MALLEY.

Delivered January 29, 1898.

### 1. Damages to Land—Lienholder as Party.

A verdict will not be directed for defendant in an action to recover for damages to real property from the construction of a railroad in the street and cattle pens near by it, because the deed under which plaintiff claims retains a vendor's lien and the holder thereof is not a party to the action, where the deed is nearly ten years old and the evidence fails to show when the debt matured or to negative its payment, and the vendor as a witness for plaintiff testified that the property, after the damage, was worth an amount more than double the lien reserved, and neither he nor the plaintiff, who was a witness, was asked with reference to the lien.

### 2. Same—Permanency of Injury—Measure of Damages.

A requested charge in an action for damages to abutting property from the construction of a railroad in the street, that the damage is not to be assessed on the basis that the streets are always to remain as they were immediately after the railroad was constructed, but that the jury should also consider the probable cost of obtaining other outlets and streets, is properly refused where there is no evidence on which to base it, and the court has charged that the measure of damages is the difference between the market value of the property immediately before and immediately after the construction of the road.

### 3. Practice on Appeal—Excluding Evidence—Harmless Error.

The exclusion of the answer of a witness that he did not think plaintiff's property had ever been desirable residence property before the construction of the stock pens near it, is not prejudicial, even if erroneous, where the witness had testified fully as to all facts and surroundings of the property.

### 4. Practice on Appeal—Bill of Exceptions—Statement of Facts.

A statement of facts on appeal agreed to by the parties and signed by the trial judge will control in case of a conflict between it and the bill of exceptions with reference to the question whether or not certain evidence was excluded.

### 5. Same—Harmless Exclusion of Evidence.

The exclusion of certain testimony of a witness is harmless where he had already testified as to the same matter in another form.

### 6. Evidence Held Not a Conclusion.

It is competent for a witness to testify that plaintiff's only public thoroughfare from his house before the construction of a railroad was along a certain street, and that such public thoroughfare is rendered useless on account of the cut in the street.

in which the track is laid, and that his only thoroughfare since the construction of the road is over private property or along sidewalks.

**7. Damages to Realty—Measure of.**

The measure of damages for the construction of stock pens by a railroad in a street to the injury of adjoining property is the difference between the value of such property before and after the construction, if the stock pens are permanent in their nature.

**8. Evidence—Harmless Exclusion of.**

The exclusion of the opinion of a witness that property claimed to have been damaged by the construction of a railroad in a street was never desirable property and was not well situated, even if erroneous, is not prejudicial where the witness had testified with reference to the location of the property, the construction of the road, and the value of the property before and after such construction.

Appeal from Grayson.   Tried below before Hon. Don A. Bliss.

*T. J. Freeman* and *Head, Dillard & Muse,* for appellant.

*C. B. Randell* and *J. W. Finley,* for appellee.

Bookhout, Associate Justice.—Appellee instituted this suit December 22, 1896, to recover of appellant damages alleged to have been caused by the construction of its road on Travis Avenue 355 feet west of plaintiff's property in the city of Denison, and by the construction of cattle pens about 345 feet southwest of said property.   A trial before a jury resulted in a verdict and judgment in favor of appellee for $750, from which judgment the railroad company has duly perfected its appeal.

Appellant's first assignment of error reads:   "The court erred in refusing charge number 1 requested by this defendant, which was as follows:   'The deed from J. D. Quinn to plaintiff for the land in controversy shows that said land is incumbered with a lien or mortgage for the sum of $1000, and you are instructed that under such circumstances the mortgagee or lienholder is the proper party to bring this suit, and not plaintiff, and you will therefore find for defendant.' "

Upon the trial appellee (plaintiff) read in evidence a deed from J. D. Quinn to him for the property described in the petition, which deed reserved a vendor's lien on the property to secure a note for $1000 in favor of J. D. Quinn.   The only evidence of the existence of a lien upon the property is the recitation in this deed.   The record fails to show when the debt matured, and fails to show that it has not been paid.   J. D. Quinn testified in the case as a witness for plaintiff, and neither party questioned him as to the existence of the lien.   He testified that the property after the damage by the defendant was worth $2050, which is more than double the lien reserved in the deed.   The plaintiff was a witness in his own behalf, and he was not asked in reference to the lien. He testified that the property after the construction of defendant's road was worth $2250.   The deed was executed in December, 1887, and this case was tried in May, 1897.   Under these facts the court did not err in refusing the charge requested.

In view of what we have said, we express no opinion as to whether in a case like the present, to recover damages to real estate, a mortgagee of the property is a necessary party to the suit.

Appellant's third assignment of error complains of the action of the court in refusing the following charge: "In assessing the amount to which property has been damaged by the construction of the railroad company so that it affects the usual outlet of streets leading thereto, you are instructed that such damage is not to be assessed on the basis that the streets are always to remain as they were immediately after the railroad was constructed, but will also take into consideration the probable costs of obtaining other outlets and streets."

There is no evidence in the record upon which to base this charge. The court properly instructed the jury that the measure of damage was the difference in the market value of plaintiff's property in Denison immediately before the construction of defendant's railroad and cattle pens and its value immediately after their construction. Rosenthal v. Railway, 79 Texas, 325.

The fourth assignment of error complains of the action of the court in excluding the evidence of the defendant's witness Kohfeldt, to the effect that the plaintiff's property was not desirable as residence property. This witness had testified fully by deposition as to the location of plaintiff's property, the streets, and defendant's railroad and stock pens. He stated that the property was south of and adjoined the graveyard. He also testified as to the value of the property before and after the construction of defendant's railroad and stock pens. The defendant offered the following answer in evidence: "It was not desirable residence property before the construction of the road. The property is just as easy of access to and from town as it was before." The plaintiff excepted to this evidence—that it was a conclusion of the witness. The exception was sustained. Having testified fully as to all the facts, if there was error in excluding the evidence it was harmless.

Appellant's sixth assignment of error reads: "The court erred in excluding the evidence of the defendant's witness W. B. Munson, to the effect that plaintiff's property faces south, north of Morton Street, on a road which is intersected by Fifth Avenue. His property lies immediately at the north end of Fifth Avenue, and he is connected directly with Sears Street, where there is a good crossing, as shown in defendant's bill of exceptions number 2."

Neither this assignment, nor the statement under it, is supported by the record. The statement of facts shows that the witness did testify to the matters complained about in the above assignment of error. There is a conflict between the statement of facts and bill of exceptions. The statement of facts was agreed to by the parties and signed by the trial judge. The bill of exceptions shows the evidence was excluded. In such a case we can not give the bill of exceptions the controlling effect. Wiseman v. Baylor, 69 Texas, 66; McMichael v. Trueheart, 48 Texas, 219; McClelland v. Fallon, 74 Texas, 237; Ramsey v. Hurley, 72 Texas, 194.

The appellant's seventh assignment of error complains of the action of the court in sustaining appellee's exception to that part of the answer of the witness Munson to the second interrogatory, in which the witness stated, "I do not think the property has been affected at all by the construction of the road." This statement was excluded as being a mere opinion of the witness.

The witness did testify, that "I consider it (the property) to be worth just as much now as it was before. It was worth before the road was built $3000." The evidence offered, expressed in a different form, was admitted, and no harm resulted to appellant by the refusal of the court to admit it when offered a second time. Railway v. Hall, 78 Texas, 175, 176.

Appellant's ninth assignment of error complains of the action of the court in admitting, over defendant's objection, part of the deposition of the witness George Braun, reading: "Plaintiff's only public thoroughfare from his house before the construction of defendant's road was west on Morton Street. This public thoroughfare is now rendered useless on account of said cut, and plaintiff's only thoroughfare now is over private property or along sidewalks."

This evidence was objected to as being a conclusion of the witness. The exception was overruled, and the evidence admitted. The witness had testified fully as to the location of plaintiff's property, and of the streets and the location of defendant's railroad and stock pens. He showed that he was familiar with the property before and after the building of the railroad and stock pens. He testified that plaintiff's only public thoroughfare before the construction of the defendant's railroad was west on Morton Street, and that this thoroughfare was rendered useless on account of said construction of the road and stock pens, and that plaintiff's only thoroughfare now is over private property and along sidewalk. Whether or not plaintiff's only means of ingress and egress to and from his property before the construction of defendant's railroad and stock pens was west on Morton Street, and whether or not this means of ingress and egress was rendered useless on account of the cut in Travis Avenue, and plaintiff's only means of ingress and egress after the cut was over private property, are facts which could be testified to by any witness having knowledge of the same. Defendant on cross-examination could test the knowledge and truthfulness of the witness by questioning him as to the details of these facts.

Appellant's eleventh assignment of error complains of the action of the court in excluding that part of the deposition of the witness Kohfeldt which reads: "In my opinion the difference in value is from three hundred and fifty to five hundred dollars, not to exceed the last sum in any event. As I have stated, I consider the difference in value of this property immediately after and immediately before the road was built to be from three hundred and fifty to five hundred dollars." This testimony, expressed in different language, had been admitted. The witness did testify, that "immediately before the construction of this road this

property was worth from $3500 to $4000, and immediately after from $350 to $500 less." The testimony rejected went to prove the damage done to the property by the construction of the railroad and stock pens. The witness did testify fully as to the amount of the damage done. If there was any error committed as set out in the eleventh assignment, appellant was not harmed thereby. Railway v. Hall, supra.

The thirteenth and fourteenth assignments of error are overruled, for the reasons above set forth in overruling the eleventh assignment of error.

The fifteenth assignment of error complains of the action of the court in sustaining plaintiff's exception to the statement of defendant's witness A. H. Coffin, that "this property was never considered as first-class residence property, and is not well situated with reference to the city."

This witness testified fully as to the location of plaintiff's property with reference to the streets, graveyard, railroad, and cattle pens. He testified as to the value of the property before and after the construction of the railroad and stock pens. This being so, if it was error to exclude the statement complained of in the fifteenth assignment, it was harmless.

The sixteenth and seventeenth assignments of error are but a repetition of the matters complained of in the seventh assignment. We overrule the same for the reasons above set out in our discussion of the seventh assignment.

We find no reversible error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.