## Red River, Texas & Southern Railway Company v. J. P. Hughes.

### Decided June 25, 1904.

**1.—Condemnation—Railroad Right of Way—Measure of Damages.**

In an action for damages caused by the construction of a railroad across plaintiff's land in such manner as to cut off access to adjoining streets, and there was evidence as to what would be the cost of building a road out from plaintiff's property to connect with other highways, the court did not err in instructing the jury to merely consider such evidence in determining the value of the land, since the difference in the value of the land just before and just after such construction was the measure of the damages, and not the cost of such road to connect with other highways.

**2.—Same—Charge—Weight of Evidence.**

Such reference in the charge to the evidence relating to the cost of building a road to connect with other highways was not reversible error as being on the weight of evidence, since it was a reference giving prominence to appellant's own evidence, and merely stated the law arising on the facts so proven.

**3.—Same—Double Damages.**

A charge authorizing the jury to award to plaintiff the difference in the value of his property before and after the construction of the railroad across it, and also as a separate item, the value of that part of the land actually taken, was erroneous as allowing double damages.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*Thos. F. West, Geo. T. West,* and *Theodore Mack,* for appellant.

*Tarlton & Ayres,* for appellee.

STEPHENS, Associate Justice.—In constructing its railway through the western part of Fort Worth, appellant touched the northeast corner of a tract of land belonging to appellee, containing about six acres, and adjoining the corporate limits of said city. The road was so constructed as to take a fraction of an acre of this land and to render the rest inaccessible on account of embankments and excavations made on and across Cresswell Street and Seventh Avenue, abutting on the land. For thus obstructing these streets the jury assessed appellee's damages at $1450, and for the land taken allowed him $50. The evidence as to the diminished value of the land tended to sustain the verdict. Appellant, however, introduced testimony tending to prove that the cost of building a road from appellee's land to highways leading into the city would be several hundred dollars less than the sum allowed by the jury as damages.

The issues so made were thus submitted in the first and second paragraphs of the court's charge, to which errors are assigned: "1. If you believe from the evidence that in the months of November and December, 1901, the defendant constructed a line of railroad across and upon Cresswell Street and Seventh Avenue, approaching plaintiff's property, and failed to restore said streets to their former state and condition, and

thereby destroyed or impaired said streets as passways to and from plaintiff's property, and took a part of plaintiff's land and constructed its road thereon, and that the construction of said railroad in and across said streets resulted in injury to plaintiff's property, and depreciated the value of said property, then it will be your duty to return a verdict for the plaintiff, and assess his damages at the difference, if any, between the value of the land just before and just after said railroad was constructed, caused by the construction of said railroad in and across said streets, and also the reasonable value of the strip of land actually taken by the railroad, estimating such value at the time of the taking of the same, making a separate item of the value of the land so taken, if any, from the other damages, if any, you may find. 2. You are instructed that if you believe under this charge and the evidence that defendant is liable, then the testimony touching the feasibility of now building a road out from plaintiff's property to connect with other highways can only be considered by you as affecting, if you believe it does affect, the value of the land, the proper measure of damages being set forth in section 1 of this charge."

The proposition of the first assignment is that the cost of constructing a road from the land to existing highways was itself the measure of damages, and consequently that the court erred in instructing the jury to merely consider the evidence on that subject in determining the value of the land. This is untenable, since the difference in the value of the land just before and just after the construction of the railway is held to be the measure of damages in such cases. Rosenthal v. Railway Co., 79 Texas, 325; Denison & P. S. Ry. Co. v. O'Maley, 18 Texas Civ. App., 200, 45 S. W. Rep., 225.

The proposition of the second assignment is that the second paragraph was a charge on the weight of the evidence, which we have not found it so easy to dispose of. Having correctly given the measure of damages in the first paragraph of the charge, the court might with propriety have omitted the second paragraph, but we hardly think it can fairly be construed as a comment on the weight of the evidence. True, it singled out the testimony offered by appellant for measuring the damages, which it seems to be contended was a violation of the rule prohibiting the judge from thus giving undue prominence to a particular fact or part of the evidence, but as the evidence so made prominent was appellant's evidence, we fail to see how it could have been injured by such violation of the rule. The court did not undertake to tell the jury what weight should be given the evidence referred to, but merely stated the law arising on the fact so proven, that it was only to be considered on the issue of difference in value, by which the damages were to be measured, and not as itself the measure of damages; thus illustrating and applying the rule already given in the first paragraph.

In the seventh assignment of error the objection is presented that the charge authorized the jury to assess double damages, and while we feel sure the learned judge did not intend to so instruct the jury we are con-

strained to hold that the language of the charge, quoted above, admits of that construction, or at least that the jury may have so understood it. Indeed, the course of the evidence renders it altogether probable that the jury assessed the whole damage in the first item and added the second item in obedience to this instruction.

The judgment will therefore be reversed unless within ten days a remittitur of the item of $50 be filed, in which event it will be affirmed in all other respects, but with costs of appeal taxed against appellee.

*Reformed and affirmed.*