JOE MURPHY ET AL. v. SMITH, WALKER & CO. ET AL.

Decided January 21, 1905.

**1.—Partnership—Purchase in Name of One Partner.**

Where one member of a firm, composed of two partners, acting for the firm, purchased from a third party an interest in property used in carrying on the partnership business, with reservations by the seller of certain rights in the property, it was immaterial that the written transfer of such property was made to him instead of to the firm, and he would be estopped from denying the partnership ownership where his copartner, in ignorance of the fact that the transfer was not in the firm name, had incurred considerable expense on the understanding that it was partnership property.

**2.—General Denial—Injunction—Telephone Connections.**

Where, in an action for an injunction to restrain defendants from maintaining connections between their telephone line and another line alleged to be owned by plaintiffs, there was a general denial pleaded, it was error for the court to render judgment for plaintiffs upon sustaining their demurrer to defendants' answer, and without proof, since the general denial made it necessary for plaintiffs to prove their case.

Appeal from the District Court of Randall. Tried below before Hon. Ira Webster.

*Browning, Madden & Trulove* and *L. G. Wilson,* for appellants.—
1. Defendants' original answer contained a general denial and special answer, and was, therefore, sufficient as against a general demurrer. District and County Court Rule, 17; Oliphant v. Markham, 79 Texas, 543; Ellis v. Vernon Ice Co., 4 Texas Civ. App., 69.
2. Faulkner and Stegman's agreement to purchase, as partners, the telephone line in question; Stegman's subsequent purchase of same, although made in his own name, must be considered to have been made for the partnership. Eakin v. Shumaker, 12 Texas, 51; Yeager v. Neal, 64 S. W. Rep., 701; Houser v. Jordan, 63 S. W. Rep., 1049; Branch v. De Blanc, 62 S. W. Rep., 134.

*Veale & Hendricks,* for appellee.—Where an answer is simply a general denial it requires no proof, where the object of the answer was to defeat the perpetuation of an injunction, but where the general denial is followed up with a special answer, not only in effect, admitting the facts stated in the bill a general demurrer should be sustained to the answer and the injunction perpetuated. A general denial does not put in issue the facts pleaded in a bill in equity, invoking the equity powers of the court in granting injunction.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a decree making perpetual an injunction granted at the instance of appellees, Smith, Walker & Company, Stringfellow & Hume Hardware Company and B. G. Stegman, against appellants, Joe Murphy and L. M. Faulkner, "commanding and directing the defendants and each of them to disconnect the telephone wire of plaintiffs Smith, Walker & Company and

Strongfellow & Hume Hardware Company, extending from Hereford, in Deaf Smith County, to Canyon City, Texas, as described in said petition, from any line of wire, or telephone exchange belonging to defendants, or either of them, in Canyon City, Texas, or controlled by them, and to desist and refrain from interfering with" said telephone line of plaintiffs, etc.; the court overruling all demurrers to the petition for injunction and sustaining demurrers to the answer, and, without hearing any evidence, decreeing the title of the property in controversy to be in the appellees, although the answer contained a general denial.

In March, 1901, Smith, Walker & Company, Stringfellow & Hume Hardware Company and others, all doing business in Amarillo, Texas, with business connections at Canyon City, Texas, and the two concerns named having branch houses both at Canyon City and Hereford, Texas, made a contract with the Plainview Telephone Company, a partnership, for the sale to them of a certain telephone line owned by said other parties and then being operated between Amarillo "and their various connections in the town of Canyon City," the contract, after enumerating the connections at Canyon City, reciting, among other things: "Said Smith, Walker & Co., in Amarillo, Texas, being connected with Smith, Walker & Co., in Canyon City, Texas, and with their said house in Hereford, Texas," and containing a similar recital as to Stringfellow & Hume Hardware Co. The consideration for this sale was the obligation assumed by the Plainview Telephone Company, their heirs or assigns, to keep up at their own expense the telephone line, phones and apparatus between Amarillo and Canyon City and allow said other parties the free use of said line to their respective business connections for five years, the contract providing "that then and in that case the title to said telephone line, phones, wires and apparatus shall pass and vest absolutely and be the property of the parties of the second part."

In March, 1902, the Plainview Telephone Company sold and assigned all their rights under this contract to appellants, Joe Murphy and L. M. Faulkner, who undertook to carry out the contract of March, 1901.

In July, 1902, Murphy sold his half interest to B. G. Stegman, and the telephone line, with connections, including those at Hereford, was then operated by him and Faulkner until Murphy again became owner with Faulkner under foreclosure proceedings, Stegman having failed to pay for the interest purchased of Murphy.

In October, 1902, Smith, Walker & Co., and Stringfellow-Hume Hardware Co. made a contract for the sale and transfer to said Stegman of the telephone line between Canyon City and Hereford, Stegman agreeing to allow them the free use of the line between their own business houses for a term of five years, and to keep the line, with its connections, in repair and order during that time, the title to vest in Stegman on his faithfully carrying out the contract, which contained also this provision: "It is further understood that party of the second part will make a connection at Canyon City for the aforesaid business houses of the parties of the first part at Amarillo and Hereford, Texas, for the unexpired term of a contract entered into between parties of the first part and the Plainview Telephone Co. in the year of 1901." This contract,

according to the allegations of the answer, was made in pursuance of an understanding between Faulkner and Stegman while they were operating together under the contract of March, 1901, and was made on behalf of them both, with the knowledge of the grantors, but the name of Stegman only was used, without the knowledge or consent of Faulkner, however, who thereafter incurred considerable expense in ignorance of that fact, but in the well founded belief that he was jointly interested with Stegman in the purchase of that line as well as the line between Amarillo and Canyon City.

Without incumbering this opinion with the details and attendant circumstances of the transactions between the several parties, appellants having set these out quite fully in their brief, while we are unable to agree with them that they acquired title to or exclusive control of the telephone line between Canyon City and Hereford under the contract of March, 1901, we find no difficulty in holding that the allegations of the answer, which must be taken as true, showed that Faulkner was entitled to a half interest in whatever rights Stegman acquired by the contract of October, 1902. If, as alleged, Stegman made the trade with Smith, Walker & Co., and Stringfellow & Hume Hardware Co., "on behalf of himself and said Faulkner," according to a familiar rule in the law of partnership or agency, it was wholly immaterial that he used his own name in the purchase. Stegman would be estopped, under the facts alleged, to dispute the title of Faulkner.

We must also sustain the contention of appellants that their answer, containing as it did a general denial, was not subject to general demurrer, but that the general denial made it necessary for plaintiffs to prove their case. Rev. Stats., art. 3006; Ellis v. Vernon Ice Co., 4 Texas Civ. App., 69; Oliphant v. Markham, 79 Texas, 543.

The judgment is therefore reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*