## WALKER v. GARLAND et al. (No. 7820.)

(Court of Civil Appeals of Texas. Galveston. Feb. 27, 1920. Rehearing Denied March 18, 1920.)

1. Judgment ⬅⟹929—Lack of finality of foreign judgment sued on does not deprive court of jurisdiction.

The court in which an action on foreign judgment is brought does not lack jurisdiction because the foreign judgment was not a final one.

2. Appeal and error ⬅⟹854(2)—Wrong reason for court's decision below does not require reversal.

That court gave as its reason for denying recovery on a foreign judgment that it had no jurisdiction because the judgment sued on was not a final one merely stated a wrong reason for a correct judgment and does not require reversal.

3. Judgment ⬅⟹929—Order of foreign court giving intervener lien on property to be sold under foreclosure decree is not final.

An order of a court in another state giving intervener a lien on the property involved in a suit to be protected when the decree of foreclosure shall be entered in favor of plaintiff is an interlocutory order, not a final judgment, and cannot be made the basis for a suit within this state.

4. Evidence ⬅⟹80(1)—Law where judgment was rendered presumed same as law of forum.

In the absence of evidence that the law of the state in which the foreign judgment sued on was rendered differed from the law of the state in which the suit on the judgment was brought, it will be presumed that the foreign law was the same as the law of the forum.

5. New trial ⬅⟹103 — Newly discovered evidence not discoverable by due diligence must relate to issue.

A motion for a new trial in an action on a foreign judgment in which no issue was raised at the first trial as to the law of the foreign state, based on a statute of the foreign state of which plaintiff's attorney had learned since the former trial, was properly overruled, since a motion for a new trial for newly discovered evidence must set forth evidence relating to an issue at the trial which could not have been discovered by due diligence.

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action by W. J. Walker against D. N. Garland and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Gaines & Corbett, of Bay City, for appellant.

Conger & Davant, of Bay City, for appellees.

GRAVES, J. W. J. Walker brought this suit in the district court of Matagorda county, Tex., against D. N. Garland and J. C. Barr and their respective wives, alleging:

"(1) That heretofore, to wit, on the 12th day of May, A. D. 1917, in the district court of Oklahoma county, Okl., this plaintiff, as intervening plaintiff in suit of Union Trust Company et al. v. D. N. Garland et al., numbered 13315 on the docket of said court, recovered judgment against D. N. Garland, Inez Garland, his wife, J. C. Barr, and Ollie Lou Barr, his wife, for the sum of $8,662.50, together with interest thereon from May 12, 1917, at the rate of 6 per cent. per annum, together with all costs of suit, that said court was a court of general jurisdiction and had jurisdiction of each of said defendants, and that they were each duly served with process in said suit and made their appearance therein, and that all proceedings in said cause leading up to said judgment, as well as the rendition and entry thereof, were in all things regular and legal, and that said judgment is a valid subsisting judgment in favor of this plaintiff and against the said defendants and each of them, for the amount hereinabove specified.

"(2) That no part of said judgment has been paid or satisfied.

"(3) That a transcript of said judgment and proceedings, duly authenticated, as required by law in such cases, is herewith filed and marked Exhibit A for identification.

"(4) That said judgment still remains in full force and effect, not reversed or otherwise vacated, and by reason of the premises the defendants and each of them are now justly indebted unto the plaintiff in the sum of $8,662.50, with interest thereon at the rate of 6 per cent. per annum, together with all costs of court."

Averment of refusal to pay after demand, and prayer for a recovery of the accumulated amount then claimed to be due followed.

The attached transcript of the Oklahoma judgment thus sued upon and accompanying proceedings, which were all duly certified and authenticated pursuant to the requirements of section 905, Revised Civil Statutes of the United States (volume 3, p. 37, Federal Statutes Annotated [U. S. Comp. St. § 1519]), in addition to the facts recited in the first half of paragraph 1 of the above-quoted averments from plaintiff's petition in this suit, and immediately following the adjudication of the $8,662.50 recovery to Walker against all four of the named parties defendant therein, contained this provision:

"And that the same be and hereby is adjudged and decreed to be a lien on the property hereinbefore described, second only to the mortgage on the same property in favor of the Union Trust Company, upon which decree of foreclosure *is to be rendered in this case.*"

Then after an intervening decree of foreclosure upon and order of sale against the land involved there is this conclusion:

"This order of sale is made, however, subject to the judgment and decree in favor of the Union Trust Company *hereafter to be rendered in the cause,* and that the said sheriff is directed to pay out and from the proceeds of said sale: (1) All court costs and costs of sale; (2) the amount of the judgment herein rendered in favor of W. J. Walker—and that the balance, if any, be brought into court to abide the further orders of the same."

The defendants originally answered this petition by filing a general demurrer and a special exception, with an alternative plea of general denial in event both demurrers were overruled, and set up other matter in the form of a cross-action. Then followed numerous pleadings and counter pleadings back and forth between the parties, which in the view we take of the case it would serve no useful purpose to catalogue or discuss, because the net upshot of them all was simply a declaration by the plaintiff of a debt against the defendants upon the Oklahoma court's judgment of the form and character above described, and an objection by the defendants to being required to respond thereon, upon the ground that the judgment as sued upon was not such a final one as could support an action against them in Texas, but was a mere subsidiary and interlocutory order of the Oklahoma district court in a cause left undisposed of before it. It is quite true that this defense was presented under the idea that it was a matter affecting the jurisdiction of the court to hear the cause at all, and that the court itself also took that view of it. The fact remains, however, that the court, trying the cause without a jury, took all the trial pleadings of both sides, whether of demurrers or pleas, along with the case, heard the evidence, and then rendered judgment for the defendants, giving as a reason for the holding that it was without jurisdiction. From that judgment Walker prosecutes this appeal.

[1, 2] In view of what was thus done below, we regard as immaterial the different rulings upon the pleadings complained of, whether touching their substance, form, or order of presentment, because, whatever might be in other respects said of them, they were certainly sufficient as asserting the finality and sufficiency of the judgment upon the one side and a denial thereof upon the other, and under the trial court's action the question at issue was reduced to one of evidence; that is, did or did not the evidence

show the Oklahoma court's judgment to be a final one? If it did, this appeal should prevail; otherwise not. We agree with appellant that the matter was not one affecting the jurisdiction of the Texas court, and hence that court's conclusion that it was without jurisdiction to award the recovery sought was a mistaken view. That, however, would simply amount to giving an erroneous reason for its action, and would not invalidate its judgment, if otherwise shown to be a correct one. Houston Electric Co. v. Houston, 212 S. W. (4), at page 201, and authorities there cited.

When the evidence is looked to, it is found to consist merely of a copy of the judgment sued upon, from which we have taken the two above-cited provisions under italics of our own, and a copy of article 5153, Revised Laws of Oklahoma 1910, providing that judgments become dormant unless execution is issued thereon within five years from the date thereof.

[3] It thus undisputedly appears from appellant's own evidence that the judgment declared upon was simply an order upon an intervention by Walker in the suit of Union Trust Company et al. v. D. N. Garland et al., No. 13315 on the docket of the Oklahoma district court, and as to the adjudication of the lien to secure its payment on the property involved in the main case, as well as the order for the sale thereof, it was left wholly subject to and dependent upon a judgment and decree of foreclosure upon the same property to be thereafter rendered in favor of the Union Trust Company.

Our statute (article 1997) reads as follows:

"*But One Final Judgment.*—Only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law."

[4] That such a decree—that is, one not disposing either of all the parties or the entire subject-matter of the suit—is not such a final judgment as our law contemplates does not, we think, admit of doubt; and the tests of our law must be applied to it, because there was on original trial below neither pleading nor proof that the law of Oklahoma relating to judgments was in any wise different from ours; consequently the presumption would arise that it was the same. Washington Life Ins. Co. v. Lovejoy, 149 S. W. 398; Blethem v. Bonner, 93 Tex. 143, 53 S. W. 1016; Tempel v. Dodge, 89 Tex. 71, 32 S. W. 514, 33 S. W. 222, and cases cited.

[5] Under these conclusions, the only remaining question is whether or not the court below abused its discretion in refusing, upon motion for new trial, to permit appellant to then plead and prove, as evidence newly discovered since the original trial, article 5124 of the Revised Laws of Oklahoma, reading in part as follows:

"Judgments may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper."

Here, likewise, the uniform practice and procedure in the courts of Texas stands in the way; for it has been often declared by our courts that a new trial will not be granted for new evidence on an issue not originally raised, nor where the appellant does not show that he could not have discovered it before judgment by the exercise of due diligence. Jones' Estate v. Neal, 44 Tex. Civ. App. 412, 98 S. W. 417; Fitzgerald v. Compton, 28 Tex. Civ. App. 202, 67 S. W. 131.

Indeed, this cause, in effect at least, is a companion one to No. 7819, American National Bank of Oklahoma City, Okl., Appellant, v. D. N. Garland, Appellee, 220 S. W. 397, also decided on this date by this court, and the opinion therein is referred to for perhaps a fuller statement of our views upon what we regard as the same general question controlling the disposition of both.

Concluding that no reversible error has been shown, the trial court's judgment is affirmed.

Affirmed.