## AMERICAN NAT. BANK OF OKLAHOMA CITY, OKL., v. GARLAND.
### (No. 7819.)

(Court of Civil Appeals of Texas. Galveston. Feb. 27, 1920. Rehearing Denied March 18, 1920.)

1. Judgment &#8660;929—Lack of finality of foreign judgment sued on does not deprive court of jurisdiction.

The court in which an action on foreign judgment is brought does not lack jurisdiction because the foreign judgment was not a final one.

2. Appeal and error &#8660;854(2)—Wrong reason for court's decision below does not require reversal.

That court gave as its reason for denying recovery on a foreign judgment that it had no jurisdiction because the judgment sued on was not a final one merely stated a wrong reason for a correct judgment and does not require reversal.

3. Abatement and revival &#8660;82 — Pleas in abatement out of order immaterial where same issue was raised by exceptions.

The fact that defendant's plea in abatement was not filed in its proper order is immaterial where the same issues were raised by exceptions to the petition which were properly sustained.

4. Evidence &#8660;80(1) — Law where judgment was rendered presumed same as law of forum.

In the absence of evidence that the law of the state in which the foreign judgment sued on was rendered differed from the law of the state in which the suit on the judgment was brought, it will be presumed that the foreign law was the same as the law of the forum.

5. Judgment &#8660;929—Foreign judgment against two defendants reciting continuance as to third is not final.

In an action against three defendants who were jointly and severally liable on the note sued on, a judgment against two defendants which recited that the case was continued as to the third defendant is merely interlocutory not final, and does not support an action thereon in another state.

6. New trial &#8660;103—Newly discovered evidence not discoverable by due diligence must relate to issue.

A motion for a new trial in an action on a foreign judgment in which no issue was raised at the first trial as to the statutory law of the foreign state, based on a statute of the foreign state, of which plaintiff's attorney had learned since the former trial, was properly overruled, since a motion for a new trial for newly discovered evidence must set forth evidence relating to an issue at the trial which could not have been discovered by due diligence.

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action by The American National Bank of Oklahoma City, Okl., against D. N. Garland. Judgment for defendant, and plaintiff appeals. Affirmed.

Gaines & Corbett, of Bay City, for appellant.

Conger & Davant, of Bay City, for appellee.

GRAVES, J. This suit was brought by the American National Bank, a corporation existing by virtue of the national banking laws of the United States, and having its domicile in Oklahoma county, state of Oklahoma, in the district court of Matagorda county, Tex., to recover of D. N. Garland the sum of $6,125, with interest, costs, and attorney's fees, claimed to be due upon a judgment previously rendered by the district court of Oklahoma county, Okl., in the bank's favor and against Garland and one E. N. Peery.

It was charged that Garland now resided in Matagorda county, where the venue was laid, but that Peery was a nonresident of Texas, and had no property known to the bank, subject to execution within the state. A transcript of the Oklahoma district court's judgment and proceedings in connection therewith, authenticated pursuant to section 905 of the Revised Civil Statutes of the United States (volume 3, p. 37, Federal Statutes Annotated [U. S. Comp. St. § 1519]), was filed with and marked as an exhibit to the bank's petition. The certified copy of the Oklahoma court's judgment so attached showed upon its face that the suit in which it had been rendered was one upon a promissory note jointly and severally executed by D. N. Garland, E. H. Peery, and J. C. Barr, all three of whom were parties defendant therein, but that judgment for the amount found to be due upon this obligation was rendered against Garland and Peery only; this disposition being made as to their codefendant: "For good cause shown the cause is continued as to defendant J. C. Barr."

There were further averments that the Oklahoma court was one of general jurisdiction, properly had before it through service of process, appearance, and answer all three defendants therein, and "that all proceedings in said cause leading up to said judgment, as well as the rendition and entry thereof, were in all things regular and legal, and that said judgment is a valid subsisting judgment in favor of the plaintiff herein and against the defendants herein, and each of them, for the amount hereinabove specified; that said judgment still remains in full force and effect, not reversed or otherwise vacated."

Some other matters not deemed material here were set up.

Garland, in answering the suit, filed what he termed special exceptions to and pleas

&#8660;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in abatement of the jurisdiction of the Matagorda county district court to hear the matter at all, making the objection that the Oklahoma court's judgment appeared upon its face not to be a final one, but to be merely an interlocutory order of that court, in that it did not dispose of the cause of action forming its basis as to one of the three defendants therein, J. C. Barr; the suit simply being continued as against him. An alternative general denial was also entered.

The bank then demurred generally and specially to the matter set up in Garland's plea in abatement, upon the ground that it had not been pleaded in due order, and further that it constituted a collateral attack upon the judgment of a competent court of a sister state, which appeared upon the face of the proceedings declared upon in connection therewith to have been affirmed as a final judgment by the Supreme Court of Oklahoma, and which therefore so imported verity as to preclude examination into the merits of the controversy it purported to adjudicate, thereby amounting to a denial to the judicial proceedings of another state of the full faith and credit they were entitled to under the federal statute.

There was no jury, and the court considered the several demurrers, exceptions, and pleas of both parties along with the case, and, after hearing the evidence, entered judgment denying the bank any recovery against Garland and dismissing the cause for want of jurisdiction, holding that the Oklahoma court's judgment sued upon did not dispose of all the issues therein, and was therefore not a final one from which an appeal could have been taken, or upon which an execution could issue.

The bank filed its motion for a new trial, alleging, among other things, that since the trial of the cause there had come to the knowledge of its attorneys article 5124 of the Revised Laws of Oklahoma, reading in part as follows:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper."

Setting up that this statute was applicable and material to its rights, it offered to make proof thereof. Holding that the presentment of the quoted statute as newly discovered evidence upon motion for new trial was insufficient, the court overruled the motion, to which action the bank excepted, and now presents its appeal.

[1, 2] A number of assignments against the court's action are urged, but we deem it unnecessary to discuss them separately, under the view that the only material question here is: Was the evidence sufficient to show the Oklahoma court's judgment to be a final one? If it was, this appeal is well taken; otherwise it is not. We agree with appellant that the issue so raised below as to the sufficiency of the foreign judgment was not one affecting the jurisdiction of the Texas court, and hence that court's conclusion that it was without jurisdiction to award the recovery sought was a mistaken view. That, however, would simply amount to giving an erroneous reason for its action, and would not invalidate its judgment, if otherwise shown to be a correct one. Houston Electric Co. v. Houston, 212 S. W. (4), at page 201, and authorities cited.

[3] So that, since the court took all the pleadings with the case and heard all the evidence presented by the bank as demonstrating the finality of the judgment it sued upon, the only question of real substance still is whether that evidence was sufficient. For that reason likewise it is clearly immaterial that Garland may have gotten the cart before the horse in presenting his plea in abatement out of the due order of pleading, because he also raised the same objection of a lack of finality in the judgment declared upon by special exceptions, which the court sustained.

Recurring, then, to the bank's evidence: It consisted of a transcript duly certified and authenticated, as required by the provisions of section 905, R. C. S. of the United States, supra, containing full copies of these proceedings:

(1) The district court's original judgment, as above described and herein sued upon.

(2) The pleadings of all the parties to the litigation.

(3) The trial court's order overruling the motion of D. N. Garland and E. H. Peery for a new trial.

(4) The mandate of the Supreme Court of Oklahoma addressed to the trial court there, reciting:

"Whereas, the Supreme Court of the state of Oklahoma did at the April, 1916, term hereof, on the 20th day of June, 1916, render an opinion in the above-entitled cause, appealed from the district court of Oklahoma county, sustaining the motion to dismiss the appeal herein:

"Now, therefore, you are hereby commanded to cause such execution to issue and further proceedings to be had herein as shall accord with said order and right and justice in the premises."

(5) The syllabus of the Supreme Court's opinion on the appeal of the cause (59 Okl. 186, 158 Pac. 448), reading as follows:

"All persons against whom a joint judgment has been rendered must be made parties to a

proceeding in error to reverse such judgment, and such of those parties who fail or refuse to join in the appeal as plaintiffs in error must be made defendants in error; and in such cases the case-made must be served upon them, and summons in error, unless waived, must be issued and served upon them. * * *

"Error from the District Court of Oklahoma County; John W. Hayson, Judge."

There was also offered a copy of article 5153, Revised Laws of Oklahoma 1910, providing that judgments become dormant unless execution is issued thereon within five years from the dates thereof.

[4] It thus undisputedly appears from the appellant bank's own evidence that the Oklahoma district court made no disposition of the joint and several cause of action as against one of the three defendants, J. C. Barr, but merely continued the suit as to him for good cause shown to an indefinite future time, and that an attempted appeal therein by his two codefendants was dismissed by the Supreme Court of the state. It can hardly be contended, we think, that this action by the appellate court brought about any change in the status of the matter below; so the sufficiency of the judgment as to finality must be determined upon the condition the trial court left it in, and not only that, but the same tests must be applied to it when offered for domestication here as would be had it been rendered by a district court of our state, because, there being on original trial neither pleading nor proof that it was in any respect different, the law of Oklahoma relating to judgments will be presumed to be the same as that prevailing in Texas. Washington Life Ins. Co. v. Lovejoy, 149 S. W. 398; Blethen v. Bonner, 93 Tex. 143, 53 S. W. 1016; Tempel v. Dodge, 89 Tex. 71, 32 S. W. 514, 33 S. W. 222, and cases cited.

[5] Now that such a judgment—that is, one not in any manner disposing of the cause of action as to one of three joint and several obligors on a promissory note in a suit thereon with all of them on answer thereto before the court—would not be held to be a final one in Texas, but would be regarded as a mere interlocutory order in the cause, does not, we think, admit of doubt. See Railway Co. v. Epps et al., 117 S. W. 1012, and authorities there cited.

[6] Under these conclusions, the only remaining question is whether or not the court below abused its discretion in refusing, upon motion for new trial, to permit appellant to then plead and prove, as evidence newly discovered since the original trial, the above-quoted article 5124 of the Laws of Oklahoma. Here likewise the uniform practice and procedure in the courts of Texas stands in the way, for it has been often declared by our courts that a new trial will not be granted for new evidence on an issue not originally raised, nor where the appellant does not show that he could not have discovered it before judgment by the exercise of due diligence. Jones' Estate v. Neal, 44 Tex. Civ. App. 412, 98 S. W. 417; Fitzgerald v. Compton, 28 Tex. Civ. App. 202, 67 S. W. 131.

Believing the judgment of the trial court to have been the correct one on the facts presented, an affirmance has been ordered.

Affirmed.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes