### ALSABROOK v. BISHOP.   (No. 252.)

Court of Civil Appeals of Texas.   Eastland.
April 22, 1927.

Rehearing Denied June 2, 1927.

1. **New trial** ⬥100—**Motion for new trial, alleging relationship of another party to matters involved was not discerned until trial, held not to show newly discovered evidence.**

Motion for new trial to afford opportunity to make another party defendant, and alleging that relationship of such party to matters involved was not discerned until trial, *held* not to present a proposition of newly discovered evidence in contemplation of law.

2. **New trial** ⬥102(1), 103—**New trial will not be granted for new evidence on issue not originally raised nor without showing inability to discover it before trial.**

A new trial will not be granted for new evidence on issue, not originally raised, nor where it is not shown that evidence could not have been discovered before trial by the exercise of due diligence.

3. **Pleading** ⬥194(5)—**General demurrer to answer, containing general demurrer and general denial, held properly overruled.**

Where answer contained a general demurrer and a general denial, general demurrer thereto *held* properly overruled.

4. **Appeal and error** ⬥494—**Overruling special exceptions held not reviewable without judgment or order showing such ruling (district court rule 53).**

Under district court rule 53, action of trial court in overruling special exceptions cannot be reviewed, in absence of judgment or order of court showing such ruling.

5. **Appeal and error** ⬥664(4)—**Statement of facts controls in case of conflict with bill of exceptions.**

Where there is a conflict between bill of exceptions and statement of facts, the statement of facts controls.

6. **Appeal and error** ⬥1058(1)—**Ruling on exclusion of evidence will not be revised, where statement of facts shows appellant had benefit of testimony.**

Where statement of facts shows that appellant had benefit of testimony shown by bill of exceptions to have been excluded, ruling complained of in the bill will not be revised.

7. **Trial** ⬥62(2)—**After testimony that plaintiff's ward and another, whose funds were alleged to have been misappropriated, were incapable of giving checks, evidence of checks held admissible.**

In guardian's action to recover from executrix fund alleged to have been held in trust for ward during deceased's lifetime, where testimony was introduced to show that deceased had managed affairs of ward and another and appropriated their funds, both of whom were alleged feeble of mind or incapable of giving checks, evidence of certain checks signed by such other person *held* admissible to rebut such theory.

8. **Witnesses** ⬥268(1) — **Cross-examining plaintiff's witness as to notes alleged in plaintiff's petition held not erroneous.**

Cross-examining plaintiff's witness with reference to two notes alleged in plaintiff's second amended petition *held* not erroneous.

9. **Evidence** ⬥474(18)—**Testimony of rental value of certain farm held properly excluded, when based only on knowledge obtained from tenant.**

In suit by guardian against executrix of deceased, who was alleged to have voluntarily assumed management of ward's estate during his lifetime, refusal to permit plaintiff to testify as to reasonable rental value of certain farm owned by ward *held* not erroneous, under showing that testimony was based only on what was told him by tenant.

10. **Insane persons** ⬥65—**Executrix of person alleged to have assumed management of incompetent's estate held chargeable only with rent actually received.**

Executrix of deceased, alleged to have voluntarily assumed management of estate of incompetent during his lifetime, *held* chargeable only with rent actually received from certain farm owned by incompetent.

11. **Appeal and error** ⬥927(7)—**After instructed verdict for defendant, plaintiff's testimony must be considered from his standpoint.**

Action of trial court in instructing a verdict for defendant calls for review of testimony offered by plaintiff and consideration thereof from his standpoint.

12. **Trusts** ⬥358(1) — **One seeking to impress trust on money in hands of another must trace funds into possession of such person.**

In order to warrant recovery by one seeking to impress a trust on money in hands of another, it is imperative that fund should be clearly traced into possession of person at whose hands an accounting is sought.

13. **Appeal and error** ⬥733—**Assignment that judgment was contrary to facts and not supported by evidence held too general.**

Assignment to effect that judgment was contrary to the facts and not supported by the evidence *held* too general to call for consideration on appeal.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by M. C. Alsabrook as guardian of Emma Bishop, against Mrs. Iris Bishop, executrix of the estate of S. W. Bishop, deceased. Judgment for defendant, and plaintiff appeals. Affirmed.

Grishom Bros. and Thos. J. Pitts, all of Eastland, for appellant.

James P. Alexander, of Waco, and J. G. Bishop, of Gorman, for appellee.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

LESLIE, J. This is a suit by M. C. Alsabrook, guardian of Emma Bishop, against Mrs. Iris Bishop, executrix of the estate of S. W. Bishop, deceased, who, it was alleged, during his lifetime voluntarily assumed control and management of the estate of the said Emma Bishop, a non compos mentis, and that at his death, July 3, 1922, he was holding in trust for and for the use and benefit of the said Emma Bishop, the sum of $6,519.31; that since the death of S. W. Bishop there has been paid over to the plaintiff as guardian aforesaid the sum of $495.35, and that after allowing a credit of that amount upon the funds so held by the said S. W. Bishop at his death there remained a balance of $6,023.96, which · the defendant, Mrs. Iris Bishop, executrix, has been holding in trust for and for the use and benefit of the said Emma Bishop. The allegation of the plaintiff's petition is: "That said sum is now held in trust by said executrix for the use and benefit of said Emma Bishop, a lunatic."

The trial was before a jury, and at the conclusion of the testimony the court instructed the jury to return a verdict in favor of the defendant. An appeal has been perfected to this court.

Appellant's motion for a new trial and the assignment of error based upon the proposition of newly discovered evidence urge error on the part of the trial court in denying him a new trial which would thereby afford him an opportunity to make one J. G. Bishop, who was an attorney representing defendant in the trial, a defendant, and thereby enable him to explore the facts concerning his (J. G. Bishop's) connection with the ward's estate. The right to do so is claimed because the appellant says:

"It has just come to the attention of the plaintiff since the trial of this cause: That the defendant, Mrs. Iris Bishop, as executrix of the will of S. W. Bishop, has not actually received the estate of S. W. Bishop, has not received the estate of Emma Bishop, except in a figurative way, and has not received the estate of Mrs. M. C. Bishop, except in a figurative way. That in truth and in fact, one J. G. Bishop, an attorney of Gorman, Tex., and son of S. W. Bishop, has taken over all of said estates. * * *" That Mrs. Iris Bishop was under his domination, and that he, "the said J. G. Bishop, has taken over all of said estates, including the estate of Emma Bishop, largely in the name of his father, and, instead of acting in the manner in which his father acted and preserving the estates, he has appropriated the same and converted the same."

It is further alleged that the relation of J. G. Bishop to such matters was not discerned until this trial and that the facts as alleged, "though not yet completely developed," present a case where a new trial should be granted and the plaintiff afforded an opportunity to make said Bishop a party defendant and investigate his probable liability for the misappropriation of funds for which the executrix is sued herein.

[1, 2] It is not believed that said motion from which the above excerpts are taken, present a proposition of newly discovered evidence in contemplation of law. J. G. Bishop was not a party to the original suit, and therefore evidence which might tend to show that in some manner he became liable for any portion of the estate of Emma Bishop would not be newly discovered evidence upon an issue existing and originally raised under the pleadings upon which this cause went to trial. A new trial will not be granted for new evidence on an issue not originally raised, nor where the appellant does not show that he could not have discovered it before the trial by the exercise of due diligence. In each respect the appellant failed to discharge the burden upon him and thereby make it the duty of this court to hold as a matter of law that the trial court abused its discretion in refusing a new trial on the ground of newly discovered evidence. American National Bank v. Garland (Tex. Civ. App.) 220 S. W. 397; Id. (Tex. Com. App.) 235 S. W. 563; Walker v. Garland (Tex. Civ. App.) 220 S. W. 399; Id. (Tex. Com. App.) 235 S. W. 1078; Schaff v. Sanders (Tex. Civ. App.) 257 S. W. 677; Id. (Tex. Com. App.) 269 S. W. 1034. The assignment is overruled.

[3] The assignment to the action of the court in overruling appellant's general demurrer to the defendant's (appellee's) second amended original answer is overruled. That answer contained a general demurrer and a general denial. The court's action was correct. Murphy v. Smith, 38 Tex. Civ. App. 50, 84 S. W. 678; Ellis v. Vernon Ice Co., 4 Tex. Civ. App. 66, 23 S. W. 856.

[4] The various assignments addressed to the action of the trial court in overruling numerous special exceptions are overruled. There is no judgment or order of the court showing such ruling by the court, and, in the absence of such, the action of the court cannot be reviewed. Rule 53, District Courts: Cohen et ux. v. Hill (Tex. Civ. App.) 286 S. W. 661; Wichita Falls, Ranger & Fort Worth Ry. Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 570.

[5, 6] The assignment complaining of the action of the court in permitting the witness, L. M. Bishop, to answer or account for why he said a certain $1,000.00 (forfeit) was divided into eight shares is overruled. The bill of exception indicates the witness was not permitted to answer that he received · $125, his proportionate part, but the statement of facts, agreed to by the litigants and approved by the court, indicates that the witness, either at that time or later in the trial, testified as is indicated in the bill he would have testified. Where there is a conflict between the bill of exception and a statement of facts, as in this case, the latter controls. Where

the statement of facts shows that the appellant had the benefit of the testimony shown by the bill of exception to have been excluded, the ruling complained of in the bill will not be revised. Sears v. Sears, 45 Tex. 557; McMichael v. Trueheart, 48 Tex. 216; Encyclopædic Digest Texas Reports (Michie) vol. 1, p. 690.

The assignment complaining of the action of the trial court relative to certain testimony proffered through the witness W. C. Fields is overruled. An examination of the record shows that his testimony in the respect complained of was admitted upon the trial, or at least the statement of facts agreed to by the litigants and approved by the court so indicates. Authorities under preceding paragraph.

A further reason why this would not be an error on the part of the court in respect to Field's testimony is found in the record to the effect that the witness stated that he did not know what money S. W. Bishop received, that he was not there when it happened, or words to that effect.

[7] Other assignments complaining of the action of the trial court in admitting in evidence certain checks signed by Mrs. M. C. Bishop are overruled. The witness Fields had testified that Mrs. M. C. Bishop was trustee for the ward, Emma Bishop, during a period of time, and appellant was attempting to show that during said time S. W. Bishop managed the ward's affairs and appropriated the funds of Mrs. M. C. Bishop and Emma Bishop, both of whom were alleged feeble of mind or incapable of giving checks on their respective accounts. To rebut this theory as to Mrs. M. C. Bishop, the evidence was admissible.

Other assignments assailing the action of the trial court in the admission in evidence of certain checks and a bank statement are overruled. There is no merit in the objection made to the statement of the witness that the check showed to have been wet or through a fire.

[8] The assignment relating to the cross-examination of appellant's witness with reference to two notes, one for $1,400 and the other for $2,032, is overruled. These notes were matters alleged in appellant's second amended petition, and no harm resulted from the defendant's cross-examination relative thereto.

The next assignment is to the action of the court in excluding certain testimony set out in bill of exception No. 8, but the statement of facts agreed to by the attorneys and approved by the court, shows that the witness was permitted to testify and explain that the notes above referred to were renewed by a note for the sum total of both and that the appellant had the benefit of the testimony. The statement of facts conflicting with the bill of exception, the assignment based upon the bill is overruled for reasons heretofore given.

[9, 10] The assignments complaining of the action of the trial court in refusing to permit the appellant, M. C. Alsabrook, to testify to the reasonable rental value of the use and occupancy of a certain farm owned by the ward, Emma Bishop, and situated in Haskell county, are overruled. In this respect it will be observed that the defendant was chargeable only with the rents actually received. The tenant, during the time in question, was living in Texas at the time of the trial, and did not appear as a witness nor give testimony by deposition. Further, the appellant testified he was not engaged in farming during the years in question, that he was not on the farm during 1920, and that he was there but once during the year 1921, and that was after the crop had been practically gathered, and that what he knew about it was based upon what was told him by the tenant. Under this record, no error is seen in the court's ruling.

[11, 12] The assignment of error complaining of the action of the trial court in instructing a verdict for the defendant has been considered with care. It calls for a review of the testimony offered by the plaintiff and a consideration thereof from his standpoint. This we have done, and, from an analysis of the testimony in all of its phases, and especially when considered in the light of the pleadings, it is believed that the court committed no error in giving the peremptory charge complained of. The petition upon which the appellant went to trial clearly and specifically predicates the plaintiff's right to recover upon the theory that S. W. Bishop at his death held in trust for Emma Bishop a certain sum of money, and that since his death Mrs. Iris Bishop, executrix, "has been holding in trust for and for the use and benefit of said Emma Bishop" the said sum of money. The suit is clearly one to impress a trust on money in the hands of said executrix and in such case, before there can be recovery, it is imperative on the part of him who seeks to recover upon such a theory that such funds should be clearly traced into the possession of the person at whose hands an accounting is sought. Under the pleadings and the evidence of this case, we do not think the plaintiff has done so. Continental National Bank v. Weems, 69 Tex. 489, 6 S. W. 802, 5 Am. St. Rep. 85. The assignment is overruled.

[13] The last assignment is general and to the effect that the judgment is contrary to the facts and not supported by the evidence. The assignment is too general and does not call for a consideration. Clarendon Land, Investment Co. v. McClelland (Tex. Civ. App.) 31 S. W. 1088; Thompson v. Smith (Tex. Com.

App.) 248 S. W. 1070. The assignment is overruled.

For the reasons assigned, the judgment of the trial court is in all things affirmed.