### B. S. Fitzgerald v. John P. Compton.

Decided February 24, 1902.

**1.—Judgment by Default—Setting Aside—Newly Discovered Evidence.**

Where there has been a judgment by default in an action foreclosing a vendor's lien on land, a motion to set aside the judgment because of the discovery of evidence showing a defect of title is in effect a motion for new trial on the ground of newly discovered evidence, and must be tested by the rules applicable to such motions.

**2.—Same—New Trial.**

To warrant a new trial on the ground of newly discovered evidence it must appear that the evidence is such as would likely change the result upon another trial, and that the applicant could not, by the use of ordinary diligence, have discovered it before the rendition of the judgment.

**3.—Same—Warranty—Outstanding Title.**

Where plaintiff conveyed by general warranty, which is not a warranty against clouds on title, a judgment by default foreclosing his vendor's lien will not be set aside on newly discovered evidence by defendant showing merely the existence of adverse deeds prior to the last deed in plaintiff's chain of title, where it also appears that plaintiff has a complete chain of title from the original grantee, and no possession is shown under such adverse deeds, since no superior outstanding title is shown in such case.

**4.—Appeal—Damages for Delay.**

Appellants' motion below to set aside the judgment is held not so wholly without merit as to justify the conclusion that this appeal was taken only for delay, and that the affirmance should for that reason be with 10 per cent damages.

Appeal from Harris.   Tried below before Hon. Charles E. Ashe.

*Baker, Botts, Baker & Lovett,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover the amount due upon a note for $500, executed by appellants, and to foreclose a vendor's lien upon a tract of 113 7-10 acres of land conveyed by appellee to the appellant, Mrs. H. L. Fitzgerald, the note having been executed in part payment of the purchase money for said land.   On June 4, 1901, the cause being regularly called for trial in the court below, the appellants though duly cited failed to appear and answer therein, and judgment by default was accordingly rendered against them for the amount found due upon the note and foreclosing the vendor's lien.   On July 11, 1901, appellants filed a motion to set aside the judgment by default rendered on June 4, and for new trial. This appeal is from the judgment of the court below overruling said motion, the only error assigned being predicated upon the action of the court in refusing to grant appellants a new trial.   The grounds upon which the new trial was asked as set out in said motion are, in substance, that since the rendition of the judgment by default the appellants have discovered that there is a conflict between the 113 7-10 acres tract sold Mrs. Fitzgerald by appellee and two other tracts on the same original survey, and the deeds to said two tracts being prior to the deed from appellee to Mrs. Fitzgerald and the deed to appellee from his immediate vendor for said 113 7-10 acres tract, the superior title to that portion of said tract covered by such conflict was not in appellee at the time he conveyed the land to Mrs Fitzgerald by his deed of general warranty, and that to the extent of such conflict there is a failure of title to said land and a consequent failure of consideration for said note.

It is further alleged in said motion that at the time of the purchase of the land by Mrs. Fitzgerald appellee furnished her with an abstract of title which he represented was a full and complete abstract of the title to the land; that appellants, relying upon said representation, accepted said abstract as complete, and having procured an attorney to examine same, upon the assurance of their said attorney that said abstract showed a good title to the land in appellee, purchased same and executed the note sued on in part payment of the purchase money; that said abstract did not contain the deeds showing the conflict between the tract sold them by the appellee and the other tracts before mentioned, and appellants were not aware of the existence of such conflict until after the rendition of the judgment of June 4, 1901; that believing they had no defense to this suit, and not wishing to delay appellee in the col-

lection of his debt, they filed no answer herein and allowed judgment to be rendered against them by default; that after said judgment was rendered they contracted to sell said land in order to raise the money to pay off appellee's indebtedness, and in effecting such sale they procured an abstract of title made by the Houston Abstract Company, which abstract disclosed the conflict before mentioned and conveyed to appellants the first intimation they ever had of the existence of such conflict.

The motion further alleges that the purchase price of said land was $9500, all of which has been paid by appellants except the note for $500 involved in this suit; that the conflict between this land and the two said older surveys covers about 63 acres, worth $4000, and that it would be unjust and inequitable to allow appellee to recover said sum of $500 from appellants when he is indebted to them in the sum of $4000 by reason of the failure of title to the land covered by such conflict; that the existence of such conflict caused the person to whom appellants had contracted to sell the land to refuse to complete the purchase of same, and even if the title to a portion of said land has not failed, said apparent conflict casts a cloud upon appellants' title which appellee ought in equity to be required to remove before appellants are compelled to pay the balance of said purchase money. The facts set out in this motion are sworn to by the appellant, B. S. Fitzgerald, and the motion is further supported by the affidavit of John H. Ruby, manager of the Houston Abstract Company, to the effect that the deed records of Harris County show deed from A. M. Menard to August Seureau, of date October 18, 1883, and a deed from Ritson Morris to Willis Dudley, of date October 25, 1847, both of which deeds describe by their field notes land included within the field notes to the land conveyed by appellee to Mrs. Fitzgerald, and that the field notes in the deed from appellee to Mrs. Fitzgerald appear for the first time in a deed from W. P. Hamblen to appellee, of date August 4, 1894.

Appellee filed a counter affidavit in which he denies that any conflict exists as claimed by appellants, and says that the land conveyed by him to Mrs. Fitzgerald is a part of the Ritson Morris original survey and a part of the first tract conveyed by said Morris out of said survey, and any subsequent conveyance by said Morris is subject to the superior title held by appellants; and further, that no one is in possession of any part of the land conveyed by him to appellants or is claiming any part of same.

The motion to set aside the judgment by default filed by appellants is in effect a motion for a new trial on the grounds of newly discovered evidence, and the action of the court below in overruling said motion must be tested by the well settled rules applied by our courts in passing upon the sufficiency of motions of this kind, and the further rule that such motions are addressed to the discretion of the trial court, and unless the record in the particular case clearly shows that there has been an abuse of discretion the judgment of the trial court will not be disturbed on appeal. To entitle a litigant to a new trial on the ground of newly discovered evidence it must appear, first, that the newly discovered

evidence is of such material character as would likely change the result upon another trial of the case; and second, that the applicant could not by the use of ordinary diligence have discovered such evidence prior to the rendition of the judgment sought to be set aside. Hatchett v. Conner, 30 Texas, 104; Luke v. City of El Paso, 1 Texas Ct. Rep., 475; Michell v. Bass, 26 Texas, 377; Ellis v. Harrison, 52 S. W. Rep., 561; Gonzales v. Adoue, 56 S. W. Rep., 543; Smith v. Seymour, 1 Texas Ct. Rep., 145.

Applying these rules to the case before us, we can not say that the trial court abused his discretion in refusing to grant appellants a new trial. The existence of a cloud upon appellants' title by reason of a conflict in the field notes of appellants' land and adjoining surveys would be no defense to appellee's suit, for the reason that the covenant of general warranty is not a warranty against clouds upon the title, and appellee would only be liable upon said warranty in event of a failure of title to the land. While it was not required of appellants to show an actual ouster from possession of the land, they must show what is equivalent thereto, viz., an outstanding superior title. The affidavits filed by appellants in support of their motion do not show such superior outstanding title. These affidavits merely show that the deeds to the two tracts in conflict with appellants' land were executed prior to the deed from appellee to appellants and the deed to appellee from his immediate vendor, and fail to show that appellee's vendor did not have the superior title to the land under deeds executed prior to the deeds mentioned in the affidavits. It is true the evidenc need show only prima facie a superior outstanding title to render it sufficiently material to have entitled appellants to a new trial, conceding that they were not negligent in failing to sooner discover such evidence, but such prima facie showing is not made by the affidavits in this case.

A superior outstanding title is not established, prima facie, by showing the existence of deeds to the land executed prior to the last deed in appellee's chaim of title, no adverse possession of the land having been shown, but to establish prima facie such outstanding title the deeds conveying such title must be shown to have been executed and recorded prior to the inception of appellee's title, that is, to the first deed in his chain of title. Not only do the affidavits filed by appellants fail to show this, but appellee has filed a counter affidavit which was not controverted by appellant, to the effect that he holds title to the land under conveyance from the original grantee executed prior to the deeds mentioned in the affidavits filed by appellants. Upon this state of the record we are of opinion that the alleged newly discovered evidence was not of such material character as could have changed the result upon another trial of this case, and the trial court did not err in refusing appellants' motion. It is unnecessary to discuss the question as to whether appellants showed sufficient diligence in discovering this evidence to have entitled them to a new trial had such evidence been material, but it may well be doubted whether the motion is sufficient in this respect.

Appellee has filed a motion in this court suggesting delay and asking that the cause be affirmed with 10 per cent damages. We do not think appellants' contentions are so wholly without merit as to justify the conclusion that this appeal was only taken to delay the execution of the judgment of the court below, and appellee's motion is overruled.

The judgment of the court below refusing appellants a new trial will be affirmed, and it is so ordered.

*Affirmed.*