E. C. STERLING & SONS ET AL. v. W. B. SELF.

Decided November 1, 1902.

1.—Practice on Appeal—Record—Ex Parte Affidavits Aiding.

Where plaintiff's petition fails to state a fact essential to his right of recovery, and there is no evidence of such fact in the record, the appellate court will not consider ex parte affidavits, and a certificate of the trial judge showing that proof of such fact was waived by the opposite party.

2.—Same—State School Land Purchaser—Presumptions in Favor of Judgment.

Where the suit was to recover school land by virtue of a rejected application to purchase it, and there is no proof in the record that plaintiff was an actual settler on the land at the time of his application, or was owner of and an actual settler on other land within a radius of five miles, the appellate court will not infer, in favor of the judgment for plaintiff, that proof of such fact was made, nor can it infer that the application was rejected on other grounds.

3.—Same—Fundamental Error.

The failure of plaintiff to allege that he had the right to purchase as an actual settler at the time of his application is fundamental error, of which notice will be taken though it be not assigned as error.

4.—Trespass to Try Title—School Lands—Pleading Title.

Where plaintiff sues in trespass to try title to recover a tract of State school land by virtue of his rejected application to purchase it, and he undertakes to plead his title specially, alleging the making of such application and its rejection, a failure to allege his right to purchase as an actual settler at the time of the application renders the petition fatally defective, and such as will not support a recovery even if the requisite proof on that point had been made.

Appeal from the District Court of Baylor County. Tried below before Hon. J. A. P. Dickson.

*Glasgow & Kenan* and *Montgomery & Hughes,* for appellants.

*Holman & Dalton,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit against E. C. Sterling & Sons and Colorado County to recover a fractional section of land claimed by him to be situated between the A. B. & M. survey No. 1 and the Colorado County school lands on the south, and the Bailey, Smith and Kern surveys on the north. As presented in the record the principal contest appears to have been as to the true location of the Colorado County school lands. If located by course and distance

from the well marked northern boundary line of a system of colony surveys on the south called for in the field notes, then the Bittick survey claimed by appellee was located upon vacant and unappropriated public land, and therefore valid. If, however, the Colorado County school land be located by its call from the northwest corner of the Travis County school lands, as appellants' evidence tended to fix it, and for which it called as its beginning corner, then no vacancy existed between the land claimed by appellants and the Bailey, Smith and Kern surveys at the time of the location of the junior Bittick survey. The trial was before the court without a jury, resulting in a judgment for appellee, and the case is now before us for revision upon the errors assigned, and the court's conclusions of fact and law, with a statement of facts.

Appellants insist that the undisputed evidence as to the question of boundary involved is against the judgment; but we have not found it necessary to consider this question, inasmuch as we think the judgment must be reversed upon other grounds.

The Bittick survey was placed upon the market as public free school land June 14, 1901, and appellee's claim of title thereto rests entirely upon his application, affidavit, obligation, and first payment made on June 21, 1901, in form and detail as required of purchasers of such lands. This application to purchase was rejected by the Commissioner of the General Land Office on the ground that the survey conflicted with the Colorado County school lands. Neither in the court's findings nor in the statement of facts, however, do we find any proof that appellee, at the time of his application or at any time, was either an actual settler on the land he so sought to purchase, or was the owner of and an actual settler upon other lands within a radius of five miles thereof. Such proof, if any, was essential, and goes to the very foundation of appellee's right to recover, and its omission constitutes fundamental error. In answer to the suggestion in appellants' brief of the omission stated, it is insisted that on the trial below appellant, by his counsel, expressly waived such requisite proof, and in support of such contention appellee has filed herein his affidavit to this effect, supported by affidavit of one of his attorneys and the certificate of the district judge who tried the cause. It seems scarcely necessary to say that we can not consider such ex parte affidavits or certificate in aid of the record. By the law the transcript duly certified by the clerk is made the sole repository of the proceedings upon the trial, and the waiver relied upon, to be here effective, should have appeared therein. Nor can we, as has been suggested, infer the necessary facts stated in aid of the judgment, or because appellee's application was rejected upon other grounds. Fawcett v. Sheppard, 24 Texas Civ. App., 552.

In addition to the foregoing view we find no basis for the proof referred to in appellee's petition. The petition, as we construe it, is not in the ordinary form of petitions in trespass to try title, as seems to be accepted by appellant, but appellee therein specially pleads his title.

The allegations of title in appellee are as follows: "That on ⸺ June, A. D. 1901, plaintiff was the equitable owner of survey No. 2 in Baylor County, Texas, by virtue of certificate No. 1836, issued to Mary Ann Bittick by the Commissioner of the General Land Office of Texas on 17th day of April, A. D. 1882. Said land is described as follows: * -* * That on the 21st June, 1901, the said land was State school land, and as such was before that day put on the market by the Commissioner of the General Land Office by due notice to the county clerk of Baylor County as by law required, and on that day plaintiff made his application before said county clerk to purchase the same, with whom he deposited the first payment, with his affidavit and obligation, as by law required, by reason of which he became the equitable owner of said land and entitled to the possession thereof. Plaintiff further shows that said county clerk of Baylor County forwarded his said application, affidavit and obligation to the Commissioner of the General Land Office and payment to the Treasurer of Texas as by law required. That said application was rejected by the Commissioner of the General Land Office on the ⸺ day of ⸺, 1901, upon the ground that it was in conflict with the Colorado school land, but which was in fact not true; the lands actually claimed by plaintiff lie south of the P. J. Bailey, Smith and Kern surveys, and north of the lands of the A. B. & M. surveys, which lie north of and contiguous to the Colorado County school lands, and between said Colorado County school lands and Mary Ann Bittick survey No. 2 herein sued for."

It will be observed that it is nowhere alleged that appellee is an actual settler upon, or owner of other land. In other words, the facts necessary to constitute appellee an eligible purchaser are nowhere averred. The Supreme Court thus states the rule: "When a plaintiff in an action of this character (trespass to try title) pleads specially his title, and any link in the chain is dependent upon a fact resting in parol, such as heirship, etc., that fact should be alleged. Otherwise he will not be permitted to prove it." Edwards v. Barwise, 69 Texas, 85. It is well settled that the pleadings form the basis of every recovery, and that a judgment can not be sustained upon facts not comprehended therein, even though proven.

The errors noted are, we think, apparent on the face of the record, and require of us notice, even though unassigned as error. Holloway Seed Co. v. City National Bank, 47 S. W. Rep., 96. The judgment is reversed and the cause remanded.

*Reversed and remanded.*