Fort Worth and Rio Grande Railway Company v. J. E. McCarty
et al.

Decided April 7, 1906.

**1.—Lost Baggage—Liability.**

Although the agent of the defendant railroad company was also agent for an express company, where the facts show that plaintiff dealt with such agent in his capacity as agent for the railroad company in delivering her baggage to him, the railroad company would be liable for the loss of such baggage.

**2.—Baggage—Value.**

The strict rule of market value can not be applied to baggage consisting of household goods and wearing apparel.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*Martin & George,* for appellant.

*John E. McCarty* and *Hunter & Hunter,* for appellees.

SPEER, Associate Justice.—Appellant instituted this suit by petition for injunction against appellees to restrain the collection of a certain judgment for the sum of twenty dollars rendered by appellee Ables as justice of the peace against appellant and in favor of appellee Sam. C. Phillips. The District Court rendered judgment perpetuating the injunction, but having obtained jurisdiction of the cause to hear the injunction, retained jurisdiction for all purposes and rendered judgment for appellee Phillips on his cross bill for damages, which consisted in the alleged loss of some household goods committed to the care of appellant for transportation from Dublin to Stephenville. We adopt the trial court's findings of fact to the effect that the wife of appellee Phillips was a passenger on appellant's line from Dublin to Stephenville, and that at such time she placed her two trunks and the package of baggage in question in the custody of appellant at the former place, with the request that the same be checked to her destination; that appellant's agent informed her that the train was so near he would not have time to check the package of baggage, but that he would send it by express the next day; that the trunks were checked and placed on the baggage car by appellant's agent, and that though the package of baggage was not checked, it was put on the car by some one before the train left Dublin and was thereafter lost; that said package of baggage contained the following articles: two comforts, one pair gum boots, one pair of shoes, twelve yards of carpet, which were of the value of thirty-two dollars.

The first assignment complains that the court erred in admitting and considering in evidence the testimony of Mrs. Phillips as to the value of the articles in controversy, because her testimony showed the contract made by her to have been made with the express company and not with the railroad company, and because further, her testimony failed to show that she was qualified to speak as to the market value, and failed to show

that the articles lost were second-hand goods, authorizing any other rule than the rule of market value as a basis for recovery. We think this testimony was clearly admissible. It indisputably appears that Mrs. Phillips was dealing with appellant in the purchase of her ticket and checking of her baggage, and not with the express company, although appellant's station agent appears to have been acting as the express agent also. Furthermore, as the trial court concluded, it could make no difference if the express company was liable, the lost package was traced into appellant's hands and it would be equally liable for the miscarriage. The strict rule of market values could not be made to apply to articles such as these appear to have been. All of appellant's objections to the testimony were without merit and properly overruled.

The remaining assignments are necessarily disposed of adversely to appellant by what we have said above. We find no merit in any of the assignments and are constrained to hold, upon the suggestion of appellee, that this appeal was taken for delay only, that such is the fact, and we therefore affirm the judgment of the District Court and here render a further judgment against appellant for the sum of ten percent of the amount of the recovery below as damages.

*Affirmed with damages.*