## WILKIRSON v. YARBROUGH.
### (No. 409-3767.)

(Commission of Appeals of Texas, Section B. Jan. 23, 1924.)

**1. Vendor and purchaser ⬤⟳334(5)—Purchaser can recover payment on proof of merely doubtful title.**

Although, when purchaser counts on breach of contract because of defective title, he cannot recover on showing merely doubtful title, yet, where he counts for money had and received, he may recover payment made by him at time of execution of contract on proof of merely doubtful title.

**2. Judgment ⬤⟳253(4)—Purchaser counterclaiming for damages cannot recover deposit.**

Where purchaser's cross-action was wholly for damages for breach of the contract, and he did not even pray for return of payment made by him, at time of execution of the contract, he could not recover such payment, even if he proved the title doubtful.

Error to Court of Civil Appeals of Second Supreme Judicial District.

On motion for rehearing. Former judgment set aside, and judgment rendered.

For former opinion, see 255 S. W. 1109.

For opinion of the Court of Civil Appeals in this cause, see 238 S. W. 693.

James Spiller, of Wortham, Goree, Odell & Allen, of Fort Worth, and Phillips & Townsend, of Dallas, for plaintiff in error.

Burns, Christian, Gumm & Gordon, of Fort Worth, and Woodruff & Woodruff, of Sweetwater, for defendant in error.

HAMILTON, J. Attorneys for defendant in error, in their motion for rehearing, pointed out the fact that the portion of our original opinion reading as follows:

"Among the trial court's findings of fact is the following: 'That the sum of $500 referred to in the contract sued upon as a cash payment was paid as a forfeit, which was to be held by the said Wilkirson with the understanding that, if the said Jack Yarbrough failed or refused to carry out his part of the contract, the said contract was to be declared null and void and the $500 retained as damages for the breach thereof, but in the event of the failure of the said Wilkirson to carry out his part of the contract the said $500 was to be returned to the said Jack Yarbrough'"

—is erroneous.

The quotation concerning the $500 is not found in the trial court's findings of fact, but is found only in plaintiff's requested findings of fact, which are set out in full in the record without any showing that they were refused or found as requested. We withdraw the above-quoted statement concerning the findings of fact.

Yarbrough's cross-action for damages was wholly for the breach of the contract. Nowhere in his pleadings and cross-action does he refer to the money paid by him at the time of the execution of the contract except in special exceptions. He does not even pray for the return of the $500 paid by him at the time of the execution of the contract.

As shown in our original opinion (255 S. W. 1109), if the vendee declares upon the contract and claims damages for the breach thereof and the evidence shows that the title is merely doubtful, he can recover nothing;

while if he had counted for money had and received, he would have been entitled to judgment. We do not mean to say that Yarbrough even proved the title doubtful. But he certainly did not plead for a recovery of the money paid and, according to the express findings of the trial court, did not contest Wilkirson's action for cancellation of the lease and contract.

In the court's judgment we find the following:

"And the court is further of the opinion that the defendant Jack Yarbrough on his crossaction herein urged is entitled to and should recover of and from the plaintiff O. L. Wilkirson judgment in the sum of $8,400, as damages together with the additional sum of $500, paid by the defendant Jack Yarbrough as part of the purchase money on the contract in question, that is to say, judgment in the aggregate sum of $8,900; and that such judgment should bear interest at the rate of 6 per cent. per annum from date until paid."

[1, 2] Since Yarbrough failed to plead for the return of the $500, or any money paid, he was not entitled to recover any of the money paid. All his recovery was on his crossaction for damages because that was all he embraced in his pleadings. The $500 was not damages. It is seen from the quotation from the trial court's judgment that Yarbrough recovered the $500 on his cross-action which was for damages alone. This was error even more glaring than his recovery of the $8,400.

In Wilkerson's eleventh assignment of error in the Court of Civil Appeals he claims that the court erred in rendering judgment in favor of defendant on his cross-action. His second assignment in his petition for writ of error to the Supreme Court complains of the action of the Court of Civil Appeals in overruling his eleventh assignment of error.

Therefore we recommend that the motion for rehearing be overruled in all respects except as to that part thereof suggesting our error in making the statement as to the findings of fact, which is withdrawn above, and that the judgments of the trial court and Court of Civil Appeals canceling the contract and the oil and gas lease and removing the cloud from Wilkirson's title to the land, arising from said contract and lease, be affirmed, but that the judgments of said courts awarding Yarbrough a recovery of the $500 paid at the time of the execution of the contract and damages in the sum of $8,400 be reversed, and that judgment be rendered that Yarbrough recover nothing whatever against Wilkirson.

CURETON, C. J. The judgment heretofore entered in this cause on December 5, 1923, is set aside, and judgment rendered as recommended by the Commission of Appeals in the opinion on motion for rehearing.