**FREEMAN v. ANDERSON.**
No. 1956.

Court of Civil Appeals of Texas. Waco.

May 5, 1938.

Rehearing Denied Sept. 29, 1938.

Bradley & Bradley, of Groesbeck, and W. M. White, Jr., of Mexia, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

ALEXANDER, Justice.

A. W. Anderson brought this suit in the district court against Ethel Wynn Freeman, individually and as executrix of the estate of her deceased husband, H. C. Freeman, alleging that H. C. Freeman conveyed to Anderson 100 acres of land by general warranty deed; that "although the recited consideration in said deed was $1000.00, said land was of the reasonable cash market value of $2000.00, and the recital of $1000.00 as the consideration for said land was merely for convenience and was not and does not represent the true consideration and value of said land, which is as aforesaid the sum of $2000.00;" that "Freeman did not have title to said land and wholly failed to deliver possession thereof to plaintiff to plaintiff's damage in the sum of $2000.00, the consideration for and the reasonable cash market value of said land." He further alleged that but for the failure of Freeman to deliver possession of, the land he would have grazed and cultivated the land and would have made a profit therefrom in the sum of $450. He prayed for damages in the sum of $2,450. He

did not offer to surrender the title received by him or pray for cancellation of the deed delivered to him by Freeman. After a trial without a jury the court rendered judgment for $1,000 in damages to Anderson and canceled the deed and revested all title conveyed by it in Mrs. Freeman. Mrs. Freeman appealed.

No findings of fact appear in the record, but it seems to be agreed that Addie M. Clark originally owned the 100 acres of land here involved. The Clarks owed Freeman a debt secured by a lien on the land. On April 8, 1935, Freeman recovered judgment against the Clarks for said debt with foreclosure of his lien. On May 7, 1935, order of sale was issued upon such judgment, and on June 4, 1935, the sheriff sold the land to Freeman under said order. On November 21, 1935, Freeman conveyed the land by warranty deed to Anderson for a recited consideration of $1,000, but the record does not otherwise disclose what consideration was actually paid for the land. In the meantime, on May 23, 1935, Mrs. Clark filed an application for proceeding under the Frazier-Lemke Amendment to Sec. 75 of the Bankruptcy Act, and thereafter, on December 17, 1935, the federal district judge issued an order staying all proceedings in said matter for three years. Shortly after the execution and delivery of the deed from Freeman to Anderson, Anderson tried to get possession of the land but was told by Clark to stay off because Freeman did not have the right to possession thereof. Anderson then brought this suit, in March 1936, for damages as above alleged.

█ The deed from Freeman, conveying the land in question to Anderson, was duly executed and delivered and the purchase price was fully paid. Under these circumstances, the contract for the sale of the land was an executed one. 43 Tex.Jur. 108. In case of an executed contract for the sale of land, mere failure of title in the vendor does not afford a ground for cancellation or rescission in the absence of fraud or mistake or other exceptional circumstances. 7 Tex.Jur. 938; Milby v. Hester, Tex.Civ.App., 94 S.W. 178; Lamb v. James, 87 Tex. 485, 29 S.W. 647. No fraud, mistake or other exceptional circumstances were asserted in this cause. Therefore, appellee was not entitled to rescind the contract and recover the purchase price. In fact, appellee did not sue for rescission. His suit was clearly one for damages. Since appellee thus elected to affirm the contract and sue for damages for the breach thereof, the trial court could not render judgment for cancellation of the deed and order a return of the purchase price. 7 Tex. Jur. 978; 66 C.J. 1462; Wilkirson v. Yarbrough, Tex.Com.App., 257 S.W. 535. This is especially true where the appellee did not pray for rescission.

█ In this connection, appellee asserts that the portion of the judgment decreeing cancellation of the deed was inserted at appellant's request. There is no support in the record for such assertion except an affidavit of the trial judge found in the back of appellee's brief. We cannot consider this affidavit as a part of the record. The rule in this respect is announced in 3 Tex.Jur. 426 as follows: "An appellate court may not consider matters not disclosed by the record and shown only by letters or ex parte certificates of the trial judge, a certificate of the clerk, affidavits, other ex-parte documents, or the briefs or oral arguments." See, also, Sterling v. Self, 30 Tex.Civ.App. 284, 70 S.W. 238.

█ Appellee's right of recovery, if any, is one for damages for failure of title. The contract between the parties in this respect is evidenced by the general warranty in the deed. Therefore, if recovery is to be had, it must be had for breach of warranty. Ordinarily, in order to constitute a breach of warranty, there must be a failure of title and an eviction from the land or a part thereof. 12 Tex. Jur. 41, par. 26. Where the vendee has not taken possession of the land and is denied the right of possession thereof by the third party, such vendee is not required to commit a trespass and take possession of the land but may recover on the warranty on showing an outstanding superior title in such third party. 12 Tex. Jur. 44; Jones' Heirs v. Paul's Heirs, 59 Tex. 41. The showing of a superior outstanding title in such third party is, however, essential in order to mature the right of action for a breach of the warranty. The mere showing of a cloud on the title of grantee or possession in a third party is insufficient, for the warrantor is not bound to protect his grantee against a mere trespasser or against an unlawful claim of title. 12 Tex.Jur. 40, 46; Fitzgerald v. Compton, 28 Tex.Civ.App. 202,

1084

67 S.W. 131; Norton v. Schmucker, 83 Tex. 212, 18 S.W. 720. In the case at bar the appellee failed to prove a superior outstanding title in Clark, who was asserting title to the land. The foreclosure proceedings by Freeman against the Clarks appear to be regular so that Freeman received thereunder all the title owned by the Clarks. The only testimony in the record tending to cast a suspicion on Freeman's title is the fact that Mrs. Clark filed application for stay proceedings under the Frazier-Lemke Amendment to Sec. 75 of the Bankruptcy Act, 48 Stat. 1289, § 75(s), on May 23, 1935 and prior to a sale of the property under the foreclosure proceedings. It appears, however, that the Act under which such proceedings were filed was held unconstitutional on May 27, 1935 and prior to the sale under such foreclosure proceedings. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106; Du Bose v. First Carolinas Stock Land Bank, 4 Cir., 83 F.2d 97. Consequently, such bankruptcy proceedings did not affect the validity of the foreclosure proceedings under which Freeman acquired Clark's title to the land. Since Anderson wholly failed to prove an outstanding superior title, he was not entitled to recover on the warranty.

The judgment of the trial court is reversed and the cause is remanded for a new trial.