### FULCHER v. BROTHERHOOD'S RELIEF AND COMPENSATION FUND.

No. 2578.

Court of Civil Appeals of Texas. Waco.

March 2, 1944.

Geppert & Victery, of Teague, for appellant.

Williford & Williford, of Fairfield, for appellee.

RICE, Chief Justice.

R. A. Fulcher, appellant here, brought this suit in the County Court of Freestone County, Texas, against Brotherhood's Relief and Compensation Fund, an incorporated beneficial society, for the purpose of recovering certain benefits to which he alleged he was entitled under the Constitution of defendant society, by reason of being a member thereof.

Based on the answers of the jury to the special issues submitted, judgment was rendered denying plaintiff any recovery of defendant, and plaintiff has appealed.

After both plaintiff and defendant had announced to the court that they had rested, plaintiff presented to the court his formal motion for instructed verdict, reading as follows:

"Now comes the plaintiff R. A. Fulcher, after the introduction of the testimony for plaintiff and defendant, and after both sides had rested, and before the court had prepared his main charge, and moves the court to instruct the jury to return a verdict for plaintiff."

This motion was overruled by the court and exceptions taken.

Thereupon the court submitted the case to the jury on special issues, which the jury answered adversely to plaintiff.

Plaintiff did not file a motion for judgment non obstante veredicto, nor did he file any objection to the court's charge. His sole assignment of error is that the court erred in overruling his motion for a directed verdict. It is plaintiff's contention under the aforesaid assignment, that under the uncontroverted evidence he was entitled to the benefits sued for under a proper construction of the provisions of the Constitution of the defendant.

It will be noted from reading the above quoted motion presented by plaintiff for a directed verdict that it is a formal motion. There is not incorporated therein any ground or reason on which plaintiff relied as entitling him to have the motion granted.

Rule 268, Vernon's Texas Rules of Civil Procedure, reads: "A motion for directed verdict shall state the specific grounds therefor."

As shown above, plaintiff wholly failed to comply with the provisions of Rule 268, in that he failed to state therein any specific ground therefor.

For this reason we cannot consider plaintiff's assignment of error based on the action of the trial court in overruling such motion. Patrick v. McGaha, Tex.Civ.App., 164 S.W.2d 236; Federal Rules of Civil Procedure, rule 50(a), 28 U.S.C.A. following section 723c; Virginia-Carolina Tie & Wood Co. v. Dunbar, 4 Cir., 106 F.2d 383; Roberts v. Shell Pipe Line Corporation, Tex.Civ.App., 175 S.W.2d 106, points 2, 3, p. 108; Atlantic Greyhound Corp. v. McDonald, 4 Cir., 125 F.2d 849.

Because we are of the opinion that the record in this cause does not present any error for our consideration, plaintiff's assignment of error is overruled, and the judgment of the trial court is affirmed.