## SAFETY CASUALTY CO. v. HARRINGTON.

### No. 4336.

Court of Civil Appeals of Texas.

Jan. 10, 1946.

Rehearing Denied Jan. 30, 1946.

Lipscomb & Lipscomb, of Beaumont, for appellant.

Marcus, Carrington & Weller, of Beaumont, for appellee.

MURRAY, Justice.

This is a workman's compensation case in which the appellee, Harrington, recovered judgment in the district court of Jefferson County against appellant, Safety Casualty Company, for total and permanent disability.

The appellant brings forward three points upon which it relies for reversal of the judgment against it.

In its first point, appellant complains of the action of the trial court in overruling its motion for peremptory instruction. Its motion presented to the trial court was as follows:

"In this cause comes the defendant at the conclusion of all the evidence and moves the court for the reasons and causes set out in its objections to the court's charge filed this day to give the following charge to the jury, same being a peremptory charge to find for the defendant generally:

"Gentlemen of the Jury:

"You are instructed to find for the defendant and the form of your verdict should be, 'We the jury find for the defendant.' "

We do not believe the wording of this motion is sufficient to meet the requirements of Rule 268 of Texas Rules of Civil Procedure. The motion does not state any specific grounds, as is required by that Rule. An examination of the transcript discloses that the objections to the court's charge included over seven pages of typewritten matter, and 17 separate paragraphs included therein. Under the authority of Steed et al. v. State, Tex.Civ. App., 180 S.W.2d 446, and Wright v. Carey et al., Tex.Civ.App., 169 S.W.2d 749, it is believed that no error is presented by the appellant in this point. The reference in the motion to the objections to the court's charge does not sufficiently state the specific grounds required.

■ By its second point, the appellant maintains that the testimony was insufficient to show that the disability of the appellee was caused by his injuries received in the course of his employment and that the preponderance of the evidence showed that appellee's disability was caused by an injury received on a deer hunt at about the same time as the injury he received during the course of his employment; it says that the inference that appellee's incapacity was caused by a fall on a deer hunt is equally as strong as an inference that it was caused by his injury in the course of his employment. The appellee testified that he was injured at the Beaumont refinery of the Magnolia Petroleum Company on December 12, 1944; that he was one of a crew loading heavy pipe on a truck and that while holding a heavy joint of pipe "about elbow height" one foot gave way and he fell back and struck a stanchion that held the pipe. He said he struck his back against a piece of pipe stanchion. He also testified that he had been on a deer hunt the preceding week, that he came back Sunday from the hunt and was hurt the following Tuesday at the plant. There was a great deal of testimony by physicians as to the nature of the appellee's disability and a great deal of testimony

about the details of his fall while on the deer hunt, which is not necessary to set out here. We believe the testimony is sufficient to raise the issues of fact as to whether the appellee had received an accidental injury on December 12, 1944, in the course of his employment, and whether such injury was the producing cause of his disability.

■ In its third point, the appellant assigns as error the action of the trial court in overruling its motion for a new trial, particularly that portion which alleged that newly discovered evidence had been acquired by the appellant. Such newly discovered evidence consisted of clock cards in the files of Magnolia Petroleum Company, appellee's employer; that such time cards indicated that the appellee went on a deer hunt and was absent from work beginning at noon November 11, 1944; that Harrington had also stated that the deer hunt occurred in September; that appellant believed it occurred in October and that such time cards would show the hunting trip took place in November. From the testimony of various witnesses on the motion for a new trial it is apparent that Harrington went on a deer hunt with two men named Barrum and Castilaw on December 9th and that he had also been on another deer hunt with Barrum and another man named Wallace. From such testimony on the motion for new trial it is not apparent that such newly discovered evidence would likely change the result upon another trial. In the present case it is apparent that all the time cards which were presented as newly discovered evidence were in the possession of the employer at all times, both before and after the trial, and were available to the appellant. The appellant could have, by the use of ordinary diligence, discovered such evidence prior to the rendition of the judgment. See Fitzgerald et al. v. Compton, 28 Tex.Civ.App. 202, 67 S.W. 131, and cases cited therein. On authority of those decisions and of Employees Lloyds et al. v. Schott, Tex.Civ. App., 183 S.W.2d 262, the trial court did not abuse its discretion in denying the appellant's motion for a new trial on the ground of newly discovered evidence.

The judgment of the trial court is affirmed.