**BALQUE v. GREEN.**

No. 4329.

Court of Civil Appeals of Texas.

Feb. 7, 1946.

Rehearing Denied March 6, 1946.

DeWitt C. Bennett and J. T. Adams, both of Orange, for appellant.

K. W. Stephenson, of Orange, for appellee.

MURRAY, Justice.

This is an appeal by Emile Balque from a judgment in the district court of Orange County in favor of Timothy Green for personal injuries. From the testimony and from the findings of the jury it appears that Balque was the owner of a two-story frame building, the upper portion of which was rented to various persons for dwelling places; that Green rented and lived in one of these rooms; that he worked for Balque as an employee for $15 a week and that $2.50 a week of such amount was deducted as rent for the room he was occupying. The upstairs portion of the building was

served by an outside stairway and all persons living in the second story used the outside stairway. The steps of this stairway were in good condition but the frame work underneath was rotten and decayed. Green was walking down the stairway when it collapsed beneath him and he fell to the ground, receiving serious bodily injuries. The decayed condition of the frame work of the stairway was such that a proper inspection thereof would have revealed such condition. The jury found that Balque was negligent in failing to keep such stairway in a good state of repair, that such negligence was the proximate cause of Green's injuries and assessed his damages at $2,750. Judgment was entered for this amount on the verdict of the jury and after his motion for a new trial was overruled, Balque has perfected his appeal to this court.

■ We are met first by many objections by the appellee to the consideration of appellant's brief for violations of Texas Rules of Civil Procedure. The objections point out that the brief of appellant styles the cause as "Timothy Green v. Emile Balque," in violation of Rule 352, which provides that the party taking the appeal is called appellant and the adverse party is called appellee. The objection also points out that the appellant's brief violates Rule 418 because the statement thereof is of an argumentative nature and that it contains a resume of the pleadings and the evidence. The objections also point out that all of the appellant's points presented in his brief are in violation of Section (C) of Rule 418 in that the points relied upon by the appellant are not followed by a fair, condensed statement of the facts with references to the pages in the record where the same may be found. While we believe that a reasonably strict application of such Rules of Civil Procedure would require that the appellee's objections be sustained, we will consider the points as they are presented.

■ The appellant's first point complains of the action of the trial court in overruling his motion for instructed verdict, which was as follows: "Now comes the defendant before the reading of the court's main charge to the jury and requests the following special charge: Gentlemen of the Jury: You are instructed to find a verdict in favor of the defendant."

This motion for an instructed verdict is obviously not in compliance with Rule 268 of the Rules of Civil Procedure which provides that the motion shall state the specific grounds therefor. The appellant's first point therefore cannot be considered under the authority of Wright v. Carey, Tex.Civ.App., 169 S.W.2d 749; Fulcher v. Brotherhoods, etc., Tex.Civ.App., 178 S.W.2d 751; Safety Casualty Co. v. Harrington by this court, 193 S.W.2d 703, and cases cited therein.

■ Point No. 2 complains of special issue No. 3 of the court's charge, which inquired of the jury whether Balque was deducting $2.50 per 'week from Green's wages for rent. The objection to the issue was that it was upon the weight of the evidence, called for an evidentiary finding and that the answer thereto would solve no issue in the case. This contention is overruled. The evidence shows that it was a disputed issue whether Green was an employee of Balque and also a disputed issue whether Green was a tenant of Balque, and that Green relied upon the fact that part of his wages was deducted from his pay as rental for his room as proof of the fact that he was a tenant of Balque. The issue was therefore properly submitted.

■ Appellant's third, fourth, fifth and sixth points complain in different ways of the sufficiency of the testimony to support the findings of the jury. No statement nor argument nor citation of authorities is presented under any of these points in the brief of the appellant. We have examined the statement of facts and from such examination we believe there was sufficient evidence before the jury to support these findings in response to the special issues submitted in the court's charge.

■ In appellant's seventh point, he says that counsel for the appellee in the course of his argument to the jury referred to one of the jurors by name and thereby exercised undue familiarity with said juror and thereby "committed fundamental error." The appellant made no objection to this incident at the time it occurred. While such an action on the part of counsel is condemned by the courts as improper, such an error could have been cured by instruction by the court to the jury to disregard such personal reference by counsel. When no objection was made at the time, it was not error on the part of the trial court to overrule appellant's motion for new trial on this ground when the objection was made for the first time in such motion. See Traders & General Insurance Co. v. Little

et al., Tex.Civ.App., 188 S.W.2d 786; Morris v. Sanders et al., Tex.Civ.App., 55 S.W.2d 594; Adamson v. Burgle et al., Tex. Civ.App., 186 S.W.2d 388.

 Appellant sets up in his eighth point that the members of the jury in retirement discussed among themselves matters not in evidence in the case; that the jurors discussed what percentage of recovery the appellee's attorney would receive, that it was understood by a majority of the jurors that such attorney would receive one-half of any amount that might be awarded to appellee and that the jurors took these facts into consideration in arriving at the amount of their verdict; that they discussed whether the appellant could respond in damages and that one of the jurors stated that appellant's check for many thousands of dollars would be good. No statement under such point No. 8 is presented in appellant's brief. Reference is made to "the statement of facts on motion for a new trial." Such a reference is not a sufficient statement to comply with Section (C) of Rule 418 of the Rules of Civil Procedure. We have, however, examined the entire statement of facts on defendant's motion for a new trial in passing on appellant's point No. 8 relating to alleged jury misconduct. On the hearing on appellant's motion for a new trial, ten of the twelve jurors testified. One of them testified that attorney's fees were discussed, that he did not increase the amount of damages in the verdict because of the discussion of attorney's fees, that he did not remember any statement about the appellant's check in the amount of $20,000. Another testified that there was some discussion about attorney's fees and that he heard someone say that the appellant's check would be good for $20,000. He did not know who made either statement. The other eight jurors who testified denied that they heard any discussion in reference to attorney's fees or the appellant's check for $20,000, except one of said eight who testified that there was some talk about how much money the appellant was worth, but he could not remember what the statement was. Five of said eight witnesses stated that they did not hear in the jury room any discussion of attorney's fees or appellant's check, while two of them went further and testified that they did not hear any such statements and did not believe they were made because if they had been made they would have heard them. From this condition of the testimony an issue of fact was presented to the trial court as to whether such misconduct occurred. It is for the trial court to pass upon whether such conduct occurred and his finding of such an issue of fact will ordinarily not be disturbed on appeal. Texas Motor Coaches v. McKinney, Tex.Civ.App., 187 S.W.2d 714; Maryland Casualty Co. v. Hearks, Tex.Civ.App., 188 S.W.2d 262, affirmed Tex.Sup., 190 S.W.2d 62. The trial court made no findings of fact, but simply overruled the motion for new trial. The presumption is that the trial court made such findings as were necessary to support his order. Under the present Rules of Civil Procedure, in regard to misconduct of a jury, the burden is now on the appellant to show by a preponderance of the evidence that the jury was guilty of misconduct and that such misconduct probably resulted in injury to him. It is not believed that the appellant has discharged this burden under this point and it is overruled.

The judgment of the trial court is affirmed.