**HOME INSURANCE CO. OF NEW YORK
v. DACUS et al.**

No. 6512.

Court of Civil Appeals of Texas.
Texarkana.

April 12, 1951.

Rehearing Denied May 10, 1951.

Smith & Johnson and Thomas W. Hathaway, all of Tyler, for appellant.

Ernest F. Smith, Feild & Woodall, Abney, Abney & Baldwin, and Blalock, Blalock, Lohman & Blalock, and Edward L. Peteet, all of Marshall, for appellees.

LINCOLN, Justice.

This suit was originally filed by Edward Rose and O. L. Oney on a fire insurance policy issued by appellant for $5,000 on the contents of a grocery store destroyed by fire on the night of March 23, 1948. Appellee W. A. Dacus was the insured named in the policy when issued. The petition of Rose and Oney alleged they were the owners of the store at the time of the fire, and that by endorsement of appellant's agent their names had been inserted as the insured. Dacus intervened and claimed the proceeds allegedly due under the policy. The other appellees were mortgagees of fixtures and contents of the store, and intervened to assert their respective claims under mortgages and by assignments to any proceeds to be paid under the policy. To the petitions and interventions of Rose and Oney and the appellees, the appellant entered general denials and specifically denied that plaintiffs and appellees had complied with certain "Basic Conditions" named in the policy. For affirmative defenses appellant alleged that plaintiffs and appellees failed to comply with said "Basic Conditions," had failed to file proof of loss within 91 days, as required by the policy, and that by terms of the policy suit cannot be filed until 60 days after filing proof of loss.

In response to the two special issues submitted the jury found that appellee Dacus was the owner of the store at the time it was destroyed by fire, and that the actual cash value of the contents was $5,200. Judgment was rendered in favor of Dacus for $1,872, for Marshall National Bank for $2,425.43, for Texas Grocery Company for $493.22, and for the Borden Company for $209.35, each with interest. Plaintiffs Rose and Oney were decreed to take nothing, and have not appealed. The foregoing apportionments of the judgment are not challenged by any of the parties.

Appellant asserts that the court erred in overruling its motions for directed verdict and for judgment non obstante veredicto. Both motions rest upon the ground that neither the plaintiff, insured, nor the intervenors had filed with the insurance company a sworn proof of loss

within ninety-one days after the date of the fire, as required by the terms and basic conditions of the policy of insurance. There is nothing of record on this appeal to show that the motions were presented to the court, nor what action, if any, was taken on them. It is not shown that reasonable notice on the motion non obstante veredicto was given to the opposing parties, nor waiver thereof, and that is necessary under Rule 301, Texas Rules of Civil Procedure, Wheeler v. Wallace, Tex.Civ.App., 167 S. W.2d 1043; Greathouse v. Texas Public Utilities Corp., Tex.Civ.App., 217 S.W.2d 190, writ refused N.R.E. Clearly, the appellate court can review only such actions as are shown by the record to have been taken by the trial court. If none was taken or if the record does not show what action, if any was taken, there is nothing for the appellate court to review.

■ But even if the trial court overruled appellant's motion for directed verdict, no error is shown. Rule 93, T.R.C.P., provides that: "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit. * * *

"m. That notice and proof of loss or claim for damage has not been given as alleged. Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted. A denial of such notice or such proof shall be made specifically and with particularity." None of the answers of appellant were verified by affidavit and were therefore not sufficient to admit proof of the defense alleged; and the filing of proof of loss under the foregoing rule will be presumed. Thomas v. Southern Lumber Co., Tex.Civ. App., 181 S.W.2d 111; Houston Milling Co. v. Carlock, Tex.Civ.App., 183 S.W.2d 1013; Curry v. E. E. Stone Lumber Co., Tex.Civ. App., 218 S.W.2d 293, N.R.E.; Continental Fire & Casualty Ins. Corp. v. Snow, Tex. Civ.App., 213 S.W.2d 720; Home Ins. Co. of New York v. Barbee, Tex.Civ.App., 166 S.W.2d 370; Watson v. Texas State Bank of Jacksonville, Tex.Civ.App., 222 S.W.2d 341. No issue, therefore, on failure to file proof of loss within the time specified in the policy was before the court. Appellant contends, however, that the record elsewhere showed a sworn denial of the allegations that proof of loss was filed within the time required. This contention is based upon the fact that appellee Dacus submitted to appellant requests for admissions under Rule 169, T.R.C.P., one of which requested an admission of appellant that the insured had offered to render to it a proof of loss signed and sworn to by the insured. To that request the appellant filed a verified denial, as provided by Rule 169, T.R.C.P. Denial required by Rule 93, supra, relates to a matter of pleading. Requests for admissions and answers thereto under Rule 169, T.R.C.P., relate to evidence. The admissions, when made and filed, may or may not be offered in evidence. They relate to facts. If offered and introduced they become proof not subject to contradiction. The purpose of Rule 169 is to simplify procedure by obviating necessity for proof of facts, concerning which there is no controversy. Any testimony that proof of loss was not filed in this case would not be legally admissible, because, there being no sworn pleading denying such fact, "notice and proof shall be presumed and no evidence to the contrary shall be admitted." Rule 93. Appellant's fifth point raising this question is overruled.

■ We cannot sustain, but overrule, appellant's first and second points of error. These points also assert error in the action of the court in overruling the motions for directed verdict and for judgment non obstante veredicto, but assign wholly different grounds from those stated in the motions themselves. An appellate court cannot consider an assignment of error based on action of the trial court in overruling such motions except upon the grounds stated in the motions themselves. Rule 268 and Rule 301, T.R.C.P.; Wright v. Carey, Tex.Civ. App., 169 S.W.2d 749; Fulcher v. Brotherhood's Relief and Compensation Fund, Tex.Civ.App., 178 S.W.2d 751; Balque v. Green, Tex.Civ.App., 193 S.W.2d 705, writ refused N.R.E.; Arnold v. Tarrant Beverage Co., Tex.Civ.App., 215 S.W.2d 894; Jinks v. Whitaker, Tex.Civ.App., 195 S.W. 2d 814, writ refused N.R.E.

Appellant apparently argues that the first and second points should be considered as challenging the sufficiency of the evidence to support the judgment on the grounds set forth in said points, that is, that appellee Dacus did not own the contents of the grocery store on the date of the fire, and that the evidence shows that the insurance policy had been transferred by Dacus to Rose and Oney prior to the fire. We do not think the first and second points question the sufficiency of the evidence to support the verdict of the jury, since the errors assigned are to the action of the court in overruling the motions for directed verdict and for judgment non obstante veredicto upon the grounds last stated. However, the verdict of the jury that Dacus was the owner of the contents of the grocery store at the time of the fire is amply supported by the evidence. The issue of whether the policy had been transferred to Rose and Oney prior to the fire was not submitted to the jury. No exception was taken by appellant for failure to do so and no request was made for such issue. The only pleading which could raise that question was the general denial. Under these circumstances the issue was waived, even if raised by the evidence. Furthermore, the judgment involves a finding by the court that transfer of the policy coverage was not effectuated, and the evidence supports such finding.

Appellant's third point brings in review the action of the trial court in excluding testimony of Dacus offered by appellant on cross-examination. Dacus had testified that when he bought the store he paid $4,000 for it, and that the sale of the store to Rose and Oney had not been completed at the time it burned. Appellant then offered in evidence, for impeachment purposes, statements allegedly made by Dacus as admissions while undergoing an examination conducted so appellant claims, under a provision of the policy reading: "The insured shall * * * submit to examinations under oath by any person named by this company, and subscribe the same." The bill of exception shows that a few days after the fire Dacus stated in course of an examination that he paid $2,000 for the store, and that on March 14, 1949, he had sold it to Rose and Oney. The bill as qualified by the trial judge certifies that the testimony sought to be introduced by appellant was taken pursuant to applicable provisions of Art. 4899, R.C.S. of Texas, that objection to the testimony was on the ground that, by virtue of said statute, it was not admissible; that the trial judge thereupon inquired of counsel if such testimony was so received, and that appellant's counsel replied in the affirmative. Thereupon the trial court held the proffered testimony inadmissible.

The record shows that on March 30, 1949, Miles B. Smith, Special Agent of appellant, and a fire marshal, C. L. Bechtold, Fire Chief of the City of Marshall, where the fire occurred, conducted the examination of Dacus, in the course of which the statements were allegedly made. Appellee's brief states that appellee was "pickd up" by the Fire Chief and taken before some one unknown to appellee, and required to answer a multitude of questions in connection with the fire. We may assume the statement in appellee's brief is correct without thumbing the statement of facts, as it is not denied by appellant. Rule 419, T.R.C.P. Anyway, it is certain that Smith was the person unknown to appellee, and that the inquiry was made by him and the Fire Marshal.

Art. 4896, R.C.S. of Texas, requires a fire marshal to make an investigation of a fire when requested to do so by any fire insurance company before loss is paid. He has the power to administer oaths, take testimony, compel the attendance of witnesses and the production of documents, and to cause the testimony to be reduced to writing. By Art. 4898, R.C.S., the insurance company requesting the inquisition is charged with the expense thereof. Art. 4899, R.C.S. then provides that no action taken by a fire marshal "shall affect the rights of any policyholder or any company in respect to a loss by reason of any fire so investigated; nor shall the result of any such investigation be given in evidence upon the trial of any civil action upon such policy, * * *." By reason of these statutory provisions, there was no error in ex-

cluding the proffered testimony, and appellant's third point is overruled.

█ Appellant's fourth point of error is also overruled. We cannot see that appellant suffered any injury by the testimony of witness Taylor, an insurance adjuster, to the effect that another insurance company had paid the loss on the building in which the grocery store was located. There was no contention that Dacus had sold the building, and it was undisputed that he had not done so. There was no issue raised by pleading or evidence that Dacus was in any manner responsible for the fire. The evidence shows that he was not in Marshall the night it occurred. These facts do not bring this case under the general rule stated in Chapman v. Evans, Tex.Civ.App., 186 S. W.2d 827; Jimmie Guest Motor Co. v. Olcott, Tex.Civ.App., 26 S.W.2d 373, and other cases cited by appellant, to the effect that when insurance carried by a defendant is injected into the case, it presents reversible error. While the testimony may have been irrelevant and immaterial to the issues involved, we do not believe it was calculated to or did mislead the jury, as asserted by appellant. When the testimony was admitted appellant's counsel moved for a mistrial, which motion was overruled.

█ Special Issue No. 2 submitted by the court called for a finding of "the actual cash value of the contents" of the grocery store at the time of the fire. In connection with this issue the court gave the following: "By the term 'Contents' as used in this charge is meant all property included above in 'stock, furniture, fixtures, and/or machinery.'" The policy described the coverage as "stock, furniture, fixtures, and/or machinery, and contents." These terms were specifically defined in the policy, and it is provided that "Insurance on 'contents' shall include all property above in 'stock,' 'furniture,' 'fixtures,' and/or 'machinery.'" Thus seen, the issue and explanatory charge were in the exact wording of the policy. Appellant filed exceptions to the charge as given because the court did not separately submit issues calling for findings on the value of the stock of merchandise, and on the value of the furniture, fixtures and equipment, on the ground that there is

"testimony that the ownership of said two classes of property was different." The transcript does not show that the exception was presented to or acted on by the court, and any ruling on the exception, if had, is not brought forward for review. Appellant's requested issues Nos. 2 and 3, however, called for such separate findings and were refused, to which appellant excepted, and this action is made the basis of appellant's sixth point. It is contended that there was evidence that the merchandise destroyed by fire was not the same merchandise sold by Dacus nor the same merchandise he inventoried. We are constrained to believe that the court's charge submitted the ultimate issue, and that it was discretionary with the court as to whether its charge should be given or those submitted by appellant. We find no abuse of such discretion. The pleadings of defendant did not set up an affirmative defense on the ground last stated, and the evidence was not such as to require separate issues. The issues requested would not meet the contention of appellant even had they been submitted and separately answered. The matters pointed out in appellant's brief are argumentative, and no doubt were addressed to the jury. The deliberative body had ample opportunity in its consideration of the court's issue to weigh the evidence as to values of all the items named. Appellant argues that its theory was that the ownership of the stock of merchandise, and of the fixtures, furniture and equipment "could be different." But the issues requested did not cover that phase. The finding of the jury in response to special issue No. 1 of the court's charge that Dacus was the owner of the contents of the store disposed of that question, and its finding is not only supported by the evidence, but is not challenged on this appeal except by its first point already discussed. Appellant's sixth point is overruled.

The plaintiffs Rose and Oney were represented by R. P. Watson as their attorney. The statement of facts, however, shows that Watson did not examine nor cross-examine any witnesses, and offered no evidence in behalf of plaintiffs. The entire examinations and cross-examinations were conducted by attorneys representing the vari-

ous intervenors and the appellant as defendant. When the intervenors rested after their presentation in chief, Mr. Watson arose and made the following statement: "If it please the court, I have represented Mr. Ed Rose and Mr. Oscar Oney in this matter since this suit was started in June. I have since learned that they were not entitled to the proceeds under this policy, and we are withdrawing from the case in favor of whom the court and jury may deem entitled to the proceeds." The court asked, "You are getting out?" To which Mr. Watson replied, "Yes, Your Honor." There is nothing in the record to show that Rose and Oney were personally present in court, and the judgment recites, "And came the plaintiffs by their attorney of record." We think this an affirmative showing that Rose and Oney were not present in person. It is not disclosed by the record that the court gave his consent for Watson to withdraw as attorney for plaintiffs. A non-suit in their behalf was not taken, and the judgment shows that they were considered at that time as parties to the suit. It disposed of their suit by decreeing that they take nothing.

After all the evidence was in and the charge given the court permitted Mr. Watson to make an argument to the jury, and to this the appellant excepted, and by its seventh point brings this matter before us for review. This being the situation we think the court correctly permitted Watson to make an argument, and appellant's seventh point of error is overruled.

 Appellant brings forward a bill of exception to the argument of Watson to the jury wherein it is certified by the court that he stated he was satisfied and his client was satisfied there was no transfer or bill of sale, and that after investigation he was of the opinion that Ed Rose does not own anything and never had any claim in the case. Appellant's attorney objected to this argument on the ground that it amounted to testimony and not argument. The attorney for Dacus then requested that any part of the argument that is out of the record be withdrawn, and that the jury be instructed to consider only the evidence as given in the record. Mr. Watson joined in the request

of the attorney for Dacus and the court then and there gave the following instruction to the jury. "Gentlemen: Do not consider any part of the argument that is not in the record as sworn to by the witnesses from the witness stand; any portion that is not covered by the testimony you heard yesterday is withdrawn from your consideration, and you will consider it for no purpose whatsoever." Appellant did not except to the instruction as not being sufficient, and did not request further instruction.

Appellant contends that the bill of exception shows an error that was not cured by the court's instruction. We do not think the statement of Watson was of such prejudicial nature as to require a reversal. We see nothing wrong with an attorney who is frank enough with the court and the jury to conclude that his client is not entitled to a verdict or judgment and so informs them. Boiled down, that is what Mr. Watson said. The statement that Watson was satisfied and his client was satisfied that there was no transfer or bill of sale of the grocery store is a conclusion that might very well have been arrived at from the evidence. The further statement that "after investigation" Watson was of the opinion that Rose did not own anything and had no claim in the case is an opinion merely, which may have been arrived at from the evidence or from outside investigation. If the latter, it was improper, but we do not feel that it was such error as was not cured by the instruction. If there was liability under the policy, it occurs to us that Rose and Oney were the only parties to suffer by Watson's statements, and they are not complaining. Accordingly, appellant's eighth point is overruled.

 Prior to the trial appellee Dacus made the request on plaintiff Rose for admissions of fact under Rule 169. Rose did not reply to the requests. On the trial the facts concerning which admissions were requested were taken as admitted, and to this action the appellant excepted and asserts error. We think under the rule there was no error in this action. If appellant desired that the effect of such admissions be limited to the controversy between Dacus and Rose,

and that such admissions should not be considered against the appellant, he should have requested an instruction covering these points. This was not done, and we think no error is presented, and appellant's ninth point is overruled.

Finding no error in the record the judgment of the district court is affirmed.

Judgment affirmed.